FILED
September 18, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

COURT OF APPEALS NUMBER: 03-15-00343-CV

TRIAL COURT CASE NUMBER: D-1-GN-13-001602

COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

EDDIE DON JOHNSON
         APPELLANT           (        IN THE COURT OF APPEALS

V.                          (

                           (        THIRD JUDICIAL DISTRICT

THE STATE OF TEXAS
         APPELLEE.          (        SITTING AT AUSTIN, TEXAS

                           (

                           (

RECEIVED
SEP 1 8 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

REQUISITES OF BRIEFS

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS, AUSTIN:

COMES NOW EDDIE DON JOHNSON, T.D.C.J-ID. #364053 APPELLANT PROSE. PURSUANT TO TEXAS RULES OF COURT STATE RULE 38. REQUISITES OF BRIEFS. REQUISITION SECTIONS 2001. THRU 184. DECLARATORY JUDGMENT CIVIL ACTION SEEKING DECLARATORY AND INJUNCTION RELIEF: FROM RULES PLAINTIFF-APPELLANT ORIGINAL RESPONSE TO ANSWER, DEFENDANT'S ADVISORY TO THE COURT- PLAINTIFF APPELLANT OUTER TIME LIMIT PETITION- DECLARATION FOR ENTRY OF DEFAULT IN CONNECTION HIS APPEALS BRIEF COMPLAINTS FILED AGAINST THE DEFENDANT'S STATE OF TEXAS FROM RULES CHAPTER 14 FOR VIOLATIONS OF TEXAS GOVERNMENT CODE SECTION 2001.038 THRU 184. A COPY OF THE COMPLAINT AND SUMMON WAS SERVED TO THE DEFENDANT'S. DEFENDANT'S STATE OF TEXAS FILED AND ANSWER TO PLAINTIFF-APPELLANT COMPLAINT AND SUMMON MOTION DEFENDANT'S ORIGINAL ANSWER. JURY DEMAND AND PLEA TO THE JURISDICTION TO PLAINTIFF COMPLAINT PURSUANT TO RULE 92. TEXAS RULES OF CIVIL PROCEDURE. PLAINTIFF-APPELLANT RESPONE TO DEFENDANT'S PLEADINGS PURSUANT TO RULE 92. DEFENDANT'S FILED DEFENDANT'S ADVISORY TO THE COURT. PLAINTIFF-APPELLANT MOTION OUTER TIME LIMIT. PLAINTIFF-APPELLANT RECEIVED NOTICE OF A SETTING FOR MAY 13, 2015. A HEARING FOR DEFENDANT'S AMEND PLEA TO THE JURISDICTION. PLAINTIFF-APPELLANT FILED MOTION DECLARATION FOR ENTRY OF DEFAULT PURSUANT RULE 55. FED. JUDICIAL CIVIL PROCEDURE AND RULES. ON MAY 13, 2015. THE TRIAL JUDGE SIGNED ORDER THAT PLAINTIFF CLAIMS BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION. SEE: SUIT SEEKING DECLARATORY JUDGMENT PAGE 5. II STANDING PURSUANT TO TEXAS GOVERNMENT CODE SECTION: 2001.038. ONE SHOW AFFIRMATIVE ACT BY AGENCY TO APPLY ITS RULE TO HIM AND THAT APPLICATION OF SUCH RULE ADVERSELY AFFECT HIS LEGAL RIGHTS OR PRIVILEGES. HE HAVE STANDING TO CHALLENGE APPLICABILITY OF RULE IN DECLARATORY JUDGMENT SUIT UNDER SECTION 12. OF THE ARTICLE REPEALED NOW SEE SECTION 2001.038. AND IT IS NOT REQUIRED TO WAIT

UNTIL RULE 13 ATTEMPTED TO BE ENFORCED AGAINST HIM BEFORE HE MAY RESORT TO DECLARATORY RELIEF: SEE: STATE Bd OF INS V. DEFFEBACH 631 SW2d 794 (APP 3. DIST).

## CLAIM

DEPRIVE OF RIGHTS GUARANTEED BY THE FEDERAL CONSTITUTION (1) WRONGFUL IMPRISONMENT (2) NEGLIGENT, OFFICIAL MISCONDUCT (3) DELIBERATE INDIFFERENT (4) EIGHT AMEND U.S.C. VIOLATION (5) UNLAWFULL IMPRISONMENT DEPRIVE OF FREEDOM LIBERTY (6) 5TH AMEND VIOLATION 14TH AMEND U.S.C. (7) FOR PAIN AND SUFFERING MENTAL AND EMOTIONAL STRESS (8) FORCE INTO INVOLUNTARY SERVITUDE (COMMON SALVARY LABOR) (9) DENIED 1 AMEND RIGHT TO ACESS TO COURT.

PLAINTIFF-APPELLANT PRO SE (1) CONTEND THAT HE HAS SERIOUS BEEN DEPRIVED OF HIS CIVIL RIGHTS BY DEFENDANT'S (1) STUART JENKINS, PAROLE DIRECTOR (2) BRAD LIVINGSTON, EXECUTIVE DIRECTOR T.D.C.J-ID (3). BRIAN COLLIER, DEPUTY EXECUTIVE DIRECTOR (4) WILLIAM STEPHEN, DIRECTOR (5) RISSIE OWEN, PRESIDING CHAIRMAN, BPP. (6) EVA J. OLIPANT, HUNTSVILLE PAROLE OFFICER (7) N. BAILY, INSTITUTIONAL PAROLE OFFICER HUNTSVILLE (8) J. MENCHA, UNIT SUPERVISOR (9) JACQUELINE CHEWIER, PAROLE OFFICER, (10) KEITH WARRIER, PAROLE SUPERVISOR, (11) SHAKEITHA JOHNSON (11) LASHANDA TYSON, CAPT IN SECURITY (12) D. FONTONO, CAPT IN SECURITY (13) MINNIE SMITH, WARRANT DIVISION (14) CHAIZOR DFORDDLE, HEARING OFFICER PAROLE (15) RIO DICKERSON, SUPERVISING PAROLE OFFICER (16) PRESIFKE JOSEPH WADE, APPOINTED ATTORNEY BY PAROLE (17) JUDY JOHNSON, WARRANT DIVISION (18) MORGAN SUMMERS DECISION RENDERED (19) CUSTODY LEVEL CLASSIFICATION (20) GENERAL POPULATION LEVEL (21) T.D.C.J-ID CLASSIFICATION. ALL EMPLOYEES OF T.D.C.J-ID DEFENDANTS AUGUST 4, 2004. RULE 783. REQUISITES OF PETITION (d) THAT THE PLAINTIFF WAS IN POSSESSION OF THE PREMISE OR ENTITLE TO SUCH POSSESION (E) THAT THE DEFENDANT AFTERWARD UNLAWFULLY ENTERED UPON AND DISPOSSED HIM OF SUCH PREMISES. STATING THE DATE AND WITHHOLDS FROM HIM THE POSSESSIONS THEREOF.

EDDIE DON JOHNSON THE PETITIONER PLAINTIFF-APPELLANT Would Be Is REFERRED AS APPELLANT (1) CONTEND THAT HE IS PRESENT BEEN HELD WRONGFUL IMPRISONED BY BRIAN COLLIER, DEPUTY EXECUTIVE DIRECTOR PAROLE AND RISSIE OWEN, PRESIDING CHAIRMAN PAROLE OF T.D.C.J-ID AT JAMES A. LYNAUGH UNIT 1098 S. HWY. 2037 Fort Stockton, Texas 79735, WITHOUT JURISDICTION IN VIOLATION OF THE 5TH, 8TH AND 14TH AMEND U.S.C.

2, PLAINTIFF-APPELLANT CONTEND THERE IS No DETAINER OR PENDING CRIMINAL CHARGE TO JUSTIFY HIS IMPRISONMENT. HE HAS DISCHARGED HIS CONCURRENT SIXTY (60) YEAR SENTENCES ON JANUARY 16, 2004. UNDER THE (1976 1/3 ACT) BY SERVICE THE LEGAL MAXIM OF TWENTY ONE (21) YEARS FOUR (4) MONTHS TWENTY ONE (21) DAYS EVERY DAY STATE LAW AND PRISON RULE REQUIRE. PLAINTIFF-APPELLANT IS BEING HELD UNLAWFUL AGAINST HIS WILL WHICH MEANS HE IS FALSE IMPRISONED, AND THAT HIS NEW SENTENCE IS IN VIOLATION OF THE 5TH AND 14TH AMEND U.S.C. BECAUSE

2.

HE HAS BEEN DEPRIVED OF HIS LIBERTY AND FREEDOM WITHOUT DUE PROCESS. THE NEW SENTENCE HAVE NOT BEEN ADJUDICATED IN A COURT OF LAW. SEE: U.S. CONST. AMEND 5TH AND 14TH, THE DUE PROCESS CLAUSE ARE DESIGNED TO PROTECT THE INDIVIDUAL AGAINST ARBITRARY GOVERNMENT ACTION. SEE. WOLFF V. McDONNELL 418 U.S. 539, 558 1974.

3.    PLAINTIFF-APPELLANT CONTEND THAT JANUARY 16. 2004, S.I.S.P. RELEASE DOES NOT APPLY TO 65TH LEGISLATIVE CHAPTER 315 ARTICLE 42.12. CODE OF CRIMINAL PROCEDURE 3F (A)(2) BECAUSE THAT PROVISION DID NOT AUTHORIZE PUNISHMENT OTHER THAN BY JUDGMENT. THAT BECAUSE 71ST LEGISLATURE CHAPTER 785. ARTICLE 5. SECTION 501. ARTICLE 42.18. CODE OF CRIMINAL PROCEDURE SECTION. 23. ELECTRONIC MONITORING AND SECTION. 25. INTENSIVE SUPERVISION WAS NOT AMEND UNTIL MAY 28, 1989. AND THE GUIDELINES DO NOT AUTHORIZE PUNISHMENT OUTSIDE THE RANGE PROVIDED BY STATUTE, THE SUPERVISED SHOULD HAVE NOT BEEN IMPOSED

1. S.I.S.P. WAS IMPOSED IN VIOLATION OF THE LAW.
2. S.I.S.P. WAS IMPOSED AS A RESULT OF AN INCORRECT APPLICATION OF THE SENTENCING GUIDELINE. SEE. UNITED STATE CODE ANNOTATED TITLE 18. SECTION 3553. IMPOSITION OF SENTENCE (c) STATEMENT OF REASONS FOR IMPOSING A SENTENCE (E) LIMITED AUTHORITY TO IMPOSE A SENTENCE BELOW A STATUTORY MINIMUM. FEDERAL RULE OF CRIMINAL PROCEDURE 32 (a)(i) PROVIDES AT THE SENTENCING HEARING, THE COURT SHALL AFFORD THE COUNSEL FOR THE DEFENDANT AND THE ATTORNEY FOR GOVERNMENT AN OPPORTUNITY TO COMMENT UPON OTHER MATTERS RELATING TO THE APPROPRIATE SENTENCE.

4.    GENERALLY, HEARSAY IS A TESTIMONY AS TO A STATEMENT MADE OUT OF COURT WHICH IS OFFERED FOR THE PURPOSE OF PROVIDING THE TRUTH OF A STATEMENT. ALL PLAINTIFF-APPELLANT ASK THIS APPEALS COURT TO PROVIDE V.A.C.9. TEXAS RULES OF CIVIL PROCEDURE 451. 453. 455 RELIEF SHOULD BE GRANTED. DEFENDANT REASON OF DELAY REPOSE CONSIDERING THE EVIDENCE RELEVANT TO ISSUE AT HAND. THE REVOCATION IS SO AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE SO AS TO BE MANIFESTLY UNJUST.

5.    A FACTUAL REVIEW RELEVANT IS TO AUTHORITY BURDEN OF PROOF ON A AFFIRMATIVE DEFENSE IS "MUTUAL EXCLUSIVE" FROM A FACTUAL REVIEW OF WHETHER THERE WAS SUFFICIENT EVIDENCE TO WARRANT ARREST. I.S.F. REVOCATION OR PRESENT INCARCERATION. THE RECORD CONTAINS AMPLE EVIDENCE TO SUPPORT DECLARATORY JUDGMENT AND INJUNCTIVE RELEASE EVEN REINSTATING PLAINTIFF

3

6.      THIS COURT HAS NO JURISDICTION TO DO WHAT THE PLAINTIFF-APPELLANT REQUESTS AS WOULD A COURT OF CIVIL APPEALS BECAUSE OF A SOMEWHAT PECULIAR CONSTITUTIONAL PROVISION APPLICABLE TO (COURTS OF CIVIL APPEALS) STATES IN PART:

PROVIDED, THAT THE DECISION OF SAID COURTS SHALL BE CONCLUSIVE ON ALL QUESTIONS OF FACT BROUGHT BEFORE THEM ON APPEAL OR ERROR..... SEE. ALSO ARTICLE 1820 V. A. C. S. TEXAS RULES OF CIVIL PROCEDURE 451, 453, 455.

7.      ABSTRACT OF ABBREVIATE CASE HISTORY RECORD THAT IS THROUGH ENOUGH TO SHOW APPELLATE COURT THAT THE QUESTIONS PRESENTED FOR REVIEW HAVE BEEN PRESERVED. IS A CONCISE STATEMENT OF TEXT, ESP. OF A LEGAL DOCUMENT. SEE. STATE'S EXHIBIT A.. THAT WHICH WHEN FILED WITH THE APPROPRIATE IN ACCORDANCE WITH RULES OF APPELLATE PROCEDURE APPEALS FROM A FINAL JUDGMENT AND ORDERS. RULE 36. AGENCY RECORD IN ADMINISTRATIVE APPEALS 36.3. CORRECTING THE RECORD 36.3.(a) CORRECTION BY AGREEMENT, AT ANY STAGE OF THE PROCEEDING. THE PARTIES MAY AGREE TO CORRECT AN AGENCY RECORD FILED UNDER GOVERNMENT CODE TO ENSURE THAT THE AGENCY RECORD ACCURATELY REFLECTS THE CONTESTED CASE PROCEEDINGS BEFORE AGENCY. THE COURT REPORTER NEED NOT RECERTIFY THE AGENCY RECORD.

8.      TEXAS RULES OF COURT VOLUME 1 STATE RULE 783, REQUISITES OF PETITION (d) THAT THE PLAINTIFF-APPELLANT WAS IN POSSESSION OF THE PREMISES OR ENTITLED UPON AND DISPOSSESSED HIM OF SUCH PREMISES, STATING THE DATE, AND WITHHOLDS FROM HIM THE POSSESSION THEREOF.

9.      DOCUMENTS ADMITTED INTO EVIDENCE CONTAINED DAMAGE RELATED TO LOSS APP PLAINTIFF-APPELLANT LIBERTY-FREEDOM BECAUSE OF T.D.C.J-ID PAROLE DIVISION BOARD PANEL ADMINISTRATOR MEMBERS AND T.B.P.P. BOARD PANEL ADMINISTRATORS MEMBERS ACTIVITIES.

10.     ASSERTING ERROR AND APPEAL BEARS THE BURDEN OF SHOWING THAT THE RECORD SUPPORT ITS CONTENTIONS AND OF SPECIFYING THE PLACE IN THE RECORD WHERE MATTERS COMPLAINED OF OR RELIED UPON ARE SHOWN AS TO THE ISSUE (OR NON ISSUE OF STANDING).

11.     IN ENACTING THE UNIFORM DECLARATORY JUDGMENT ACT. THE LEGISLATURE HAS GRANTED A BROAD RIGHT OF STANDING: ANY PERSON "WHOSE RIGHTS" STATUS OR OTHER LEGAL RELATIONS ARE AFFECTED BY A STATUTE" MAY SEEK DECLARATORY OF

OF THOSE RIGHTS. TEX. CIV. PRAC. + REM. CODE SECTION 37.002. SHORT TITLE, CONSTRUCTION, INTERPRETATION

(a). THIS CHAPTER MAY BE CITED AS A UNIFORM ACT DECLARATORY ACT

(b). THIS CHAPTER IS REMEDIAL. ITS PURPOSE IS TO SETTLE AND TO AFFORD RELIEF FROM UNCERTAINTY AND INSECURITY WHEN RESPECT TO RIGHTS. STATUS, AND OTHER LEGAL RELATIONS. IT IS TO BE LIBERALLY CONSTRUED AND ADMINISTERED.

(c). THIS CHAPTER SHALL BE SO INTERPRETED AND CONSTRUED AS TO EFFECTUATED ITS GENERAL PURPOSE TO MAKE UNIFORM THE LAW OF THE STATES THAT ENACT ITS TO HARMONIZE. AS FAR AS POSSIBLE, WITH THE FEDERALS AND REGULATIONS ON THE SUBJECT OF DECLARATORY JUDGMENT AND DECREES.

12. 37.006. PARTIES

(a). WHEN DECLARATORY RELIEF IS SOUGHT, ALL PERSONS WHO HAVE OR CLAIM AND INTEREST THAT WOULD BE AFFECTED BY THE DECLARATION MUST BE MADE PARTIES. A DECLARATION DOES NOT PREJUDICE THE RIGHTS OF A PERSON NOT A PARTY TO THE PROCEEDINGS.

13. UPON INFORMATION AND BELIEF IN WHICH A RESPONSE PLEADING IS REQUIRED OR 21 DAYS AFTER SERVICE OF A MOTION UNDER FED. R. CIVI. PROC. RULE 15. (b)(E).

## LEGAL STANDARD

14. SUBJECT MATTER JURISDICTION IS ESSENTIAL TO THE AUTHORITY OF THE COURT TO DECIDE A CASE SEE: 03-15-00343-CV CLERK'S RECORD PAGE 158. ALSO ATTACHED EXHIBIT _____ COUNSEL ENTERED MOTION FOR CONTINUANCE TO ESTABLISH WHETHER OR NOT THE OFFENDER IS UNDER THE JURISDICTION OF THE PAROLE BOARD OF PARDONS AND PAROLES. MOTION DENIED. IN ACCORDANCE RULES OF APPELLATE PROCEDURE APPEALS FROM TRIAL COURT. RULE 33. PRESERVATION: HOW SHOWN

(a). IN GENERAL: AS A PREREQUISITE TO PRESENTING A COMPLAINT FOR APPELLATE REVIEW. THE RECORD MUST SHOW THAT:

(1). THE COMPLAINT WAS MADE TO THE HEARING OFFICER BY A TIME REQUEST, OBJECTION, OR MOTION THAT:

(A). STATED THE GROUNDS FOR THE RULING THAT THE COMPLAINING PARTY SOUGHT FROM THE HEARING WAS SUFFICIENT SPECIFICITY TO MAKE THE TRIAL COURT AWARE OF THE COMPLAINT. UNLESS THE SPECIFIC GROUND WAS APPARENT FROM THE TEXT AND

(B). COMPLIED WITH THE REQUIREMENTS OF THE TEXAS RULES OF CIVIL OR CRIMINAL EVIDENCE OR THE TEXAS RULES OF CIVIL OR APPELLATE PROCEDURE AND.

(2) THE TRIAL COURT:

(A). Ruled on the Request, Objection, or Motion, either expressly or implicitly or

(B). Refused to Rule on the Request, Objection or Motion, and the complaining party objected to the refusal

(b). Ruling by Operation of Law! In A Civil Case, the overruling by a operation

Standing concerns a party's faculty to invoke the court's subject matter jurisdiction.

15. Plaintiff-Appellant Stipulated facts that affirmatively demonstrate the trial court's juris diction to hear the cause. An appeal may be taken directly to the Supreme Court from an order of a trial court of a trial court granting or denying an interlocutory or permanent injunction on the ground of the constitutionality of a statute of this State Tex. Gov't Code Section 22001 (c). In Curable Defects in Jurisdiction. Plaintiff-Appellant affirmatively negated the existence of jurisdiction. There the plea to the jurisdiction, at Vernon's Constitution of the State of Texas Annotated Article Section. 13. Excessive Bail or Fines, Cruel and Unusal Punishment, Remedy by Due Course of Law. Section.13. Excessive Bail. Bail Shall not be Required. Nor Excessive Fines Imposed. Nor Cruel or Unusal Punishment Inflicted, all Courts Shall be Open, and every Person for any Injury Done him, in his Lands, Goods, Person or Reputation, Shall have Remedy by Due Course of Law

16. Vernon's Constitution of the State of Texas Annotated Article II.
II. The Powers of Government. Article II. Section.1. Division of Powers. Three Separate Departments, exercise of Power Properly attached to the other Departments.
Section.1. The Powers of the Government of the State of Texas Shall be Divided into Three Distinct Departments, each of which Shall be Confined to a Separate Body of Magistracy, to wit! those which are Legislative to One: those which are Executive to another, and those which are Judicial to another; and no Person or collection of Persons, be of one of those Departments. Shall exercise any Power except in the Instance herein Expressly Permitted.

Standing Requirement is Implicit in Open Courts Provision of Texas Constitution, which Contemplates Access to Courts only for those Litigants Suffering Injury especially, the Open Courts Provision Provide:

Under Federal a Law of Standing Deprives a Court of Subject Matter-Jurisdiction Because Standing is an element of such Jurisdiction.

6

17. UNITED STATES CODE ANNOTATED TITLE 18 CRIME AND CRIMINAL PROCEDURE SECTION 1505 OBSTRUCTION OF PROCEEDINGS BEFORE DEPARTMENTS, AGENCIES AND COMMITTEES. WHOEVER, WITH INTENT TO AVOID, EVADE, PREVENT OR OBSTRUCT COMPLIANCE. IN WHOLE OR IN PART, WITH ANY CIVIL INVESTIGATING DEMAND DULY AND PROPERLY MADE, UNDER THE ANTITRUST CIVIL PROCESS ACT, WILLFULLY WITHHOLDS, MISREPRESENTS, REMOVE FROM ANY PLACE, CONCEALS, COVER UP, DESTROYS, MUTILATES, ALTERS. OR BY OTHER MEANS FALSIFIES AND DOCUMENTARY MATERIAL. ANSWERS TO WRITTEN INTERROGATORIES, OR ORAL TESTIMONY, WHICH IS THE SUBJECT OF SUCH DEMAND: OR ATTEMPT TO DO SO OR SOLICITS ANOTHER TO DO SO OR:

WHOEVER, CORRUPTLY, OR BY THREATS OR FORCE OR BY ANY THREATENING LETTER OR COMMUNICATION INFLUENCES, OBSTRUCTS OR IMPEDES OR ENDEAVORS TO INFLUENCE, OBSTRUCT OR IMPEDE THE DUE AND PROPER ADMINISTRATION LAW UNDER WHICH ANY PENDING PROCEEDING IS BEING HAD BEFORE ANY DEPARTMENT OR AGENCY OF THE UNITED STATES, OR THE DUE AND PROPER EXERCISE OF THE POWER OF INQUIRY UNDER WHICH ANY INQUIRY OR INVESTIGATION IS BEING HAD EITHER HOUSE, OR ANY COMMITTEE OF EITHER HOUSE OR ANY JOINT COMMITTEE OF THE CONGRESS FRCP 60 (d). INDEPENDENT ACTION BASED ON FRAUD ON THE COURT BY IMPEDMENT OF JUSTICE TITLE 18. SECTION 1505 OMNIBUS CLAUSE BY A GOVERNMENTAL AGENCY THAT IS OF THE EXECUTIVE BRANCH AND HAS USURPED JUSTICE POWERS THUS IMPLEMENTING CONDITION AND ENFORCEMENT WITHOUT AUTHORITY. (SEPARATION OF POWERS CLAUSE) U.S. BEGGERLY 524 US 38, 46 (1998). POMPHREY V. K.W. THOMPSON TOOL Co. 62 F3d. 1122, 1130.

18. AT ALL TIMES BY HONESTY, CANDOR AND FAIRNESS. IN FULFILLING DUTY TO THE LEGAL SYSTEM. DEFENDANT'S COMMITTED ABUSIVE TACTICS FROM LACK OF CIVILITY TO OUTRIGHT HOSTILITY AND OBSTRUCTIONISM, TO DELAY AND DENY JUSTICE. ABUSIVE TACTICS INSTEAD OF BEING PART OF THE SOLUTION HAVE BECOME PART OF THE PROBLEM.

19. PLAINTIFF-APPELLANT NEVER RECEIVED THE DESIRED RESPECT AND CONFIDENCE FROM PAROLE THE BOARD OR MEMBERS PROFESSION WITH THE NECESSARY INCENTIVE TO ATTAIN THE HIGHEST DEGREE OF ETHICAL AND PROFESSIONAL CONDUCT. SEE: 03-15-00343-CV VOLUME 1 OF 1 APPEAL SUIT SEEKING DECLARATORY JUDGMENT AT LISTED PAGE 5. STANDING. PAGE 7. TRANSFERRED APPELLANT TO THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION, OFFICIALS DENIED PLAINTIFF-APPELLANT THE RELEASE RECOMMENDED PRESCRIBED BY THE LAW 65TH LEGISLATURE CHAPTER 375 3F (A)(2). PENAL CODE 19.02. PAROLE PANELS AND HEARINGS RELYED ENTIRELY BEHIND THE SEEN ADMINISTRATORS NEW DAMAGES ACCURED DURING THE COMPLETE ABSENCE OF EVIDENCE OFFERED TO PROVE A VITAL FACT IS BARRED FROM CONSIDERATION BY RULES OF THE LAW OR EVIDENCE IS NO MORE THAN A MERE SCINTILLA, OR THE EVIDENCE CONCLUSIVELY ESTABLISHES OF OPPOSITE OF A VITAL FACT. ON THE PLAINTIFF-APPELLANT TO PROVE FACT NECESSARY TO ESTABLISH ITS CLAIM. PLAINTIFF-APPELLANT WAS DEPRIVED OF A HEARING AT WHICH TO PRESENT EVIDENCE IN SUPPORT OF HIS ALLEGATIONS AND BECAUSE THE PAROLE HEARINGS MADE CREDIBILITY CHOICES WITHOUT WITNESS TESTIFY, WITHOUT OBSERVING THEIR

7.

DEMEANOR OR HEARINGS. THEIR TESTIMONY SUBJECT TO CROSS EXAMINATION. PAROLE HEARING OFFICER WITH ONLY ADMINISTRATIVE DOCUMENTS BEFORE HIM. CHOSE TO BELIEVE PAROLE OFFICIALS OVER PLAINTIFF-APPELLANT OBJECTION TO JURISDICTION MADE APPARENTLY ON THE BASIS OF PLAINTIFF-APPELLANT PRIOR REPORT OR RECORD. FACTUAL DISPUTES ARE NOT SO RESOLVED UNDER PAROLE JURISPRUDENCE, PAGE 10 AT 18, 19 AND 20. PAGE 11. CONCLUSION AT 22. PAGE 12. AT 28. PAGE 20. AT 108 PAROLE OFFICER SCHEDULED SEX OFFENDER ACTIVITIES AND 115, WHY DID THEY CHANGE CASE MANGERS MANAGERS MY JANUARY 16, 2004, RELEASE, FOR ME TO BE LAW ABIDING INDEPENDENT PERSON NOT HANK PANKV. PAGE 23. DUE PROCESS VIOLATION. 24. DUE PROCESS VIOLATION, PAGES 27, 28, 29. PAGE 30. DEFECT AND INACCURACY OF GRIEVANCE PAGE 2. PAGES 32, 33, 34, 35 MISLEADING INFORMATION. CRITICAL EVALUATE PLAINTIFF-APPELLANT OUTER TIME LIMIT MOTION

20.　ON MAY 7, 2013, PLAINTIFF-APPELLANT, EXECUTED A DECLARATORY JUDGMENT COMPLAINT AGAINST DEFENDANT'S PURSUANT TEXAS GOVERNMENT CODE SECTION 2001.038, AND THE ADMINISTRATIVE ACT (APA), TEXAS GOVERNMENT CODE SECTION. 2001.035. FILED IN THE 200TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS, MAY 13, 2013. ON JUNE 17, 2013, A COPY OF THE COMPLAINT AND SUMMON WAS ISSUED AND SERVED TO TIM McDONALD ON JUNE 17, 2013. DEFENDANT'S ORIGINAL ANSWER, JURY DEMAND AND PLEA TO JURISDICTION WAS FILED JULY 15, 2015. PLAINTIFF RESPONSE TO DEFENDANT'S ANSWER, JURY DEMAND, JURY AND PLEA TO JURISDICTION JULY 25, 2013, WHICH SHOULD HAVE BEEN FILE NO LATER THAN JULY 28, 2013. IT IS A DEFECT/INACCURACY IN CLERK'S FILING DATE AUGUST 2, 2014. DEFENDANT'S FILED A DEFENDANT'S ADVISORY TO THE COURT. JULY 27, 2013. PLAINTIFF-APPELLANT FILED OUTER TIME LIMIT MOTION MARCH 14, 2014. PLAINTIFF-APPELLANT RECEIVED NOTICE OF A SITTING SET FOR MAY 13, 2015. A HEARING FOR DEFENDANT'S AMENDED PLEA TO THE JURISDICTION EXACTLY TWO (2) YEAR LATER. PLAINTIFF-APPELLANT HAD ALL READY FILED MOTION DECLARATION FOR ENTRY OF DEFAULT PURSUANT RULE. 55. FEDERAL RULE CIVIL PROCEDURE APRIL 30, 2015. ON MAY 13, 2013, THE TRIAL JUDGE IN THE 200TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS, SIGNED ORDER THAT PLAINTIFF CLAIMS BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.

### LEGAL STANDARD

21.　FEDERAL RULE CIVIL PROCEDURE RULE 12 (A) (I). STATES A DEFENDANT MUST SERVE ANSWER WITHIN (21) DAYS AFTER BEING SERVED WITH THE SUMMON AND COMPLAINT. A DEFENSE IS INSUFFICIENT UNDER RULE FEDERAL CIVIL PROCEDURE 12 (F) WHEN DEFENDANT'S FAIL TO ADHERE TO SUMMON IN THE TIME THAT IS REQUIRED IN FEDERAL RULE PROCEDURE 12 (A) (I). A DEFAULT JUDGMENT MAY BE TAKEN AGAINST THE DEFENDANT'S

8.

22. THE COURT NEVER GAVE PLAINTIFF-APPELLANT AN OPPORTUNITY TO PROPERLY SUPPORT OR ADDRESS THE FACTS. MANNER IN WHICH THE COURT PROCEEDED, DO YOU HEAR ME. WHAT YOU WANT. COURT'S PROTOCO STATEMENT BY DEFENDANT. THE COURT, WHAT YOU? ATTEMPT TO IDENTIFY MYSELF. THE COURT: COURT IS ADJOURN. YOU. I DON'T KNOW WHAT TO TELL YOU. YOU CAN APPEAL IT YOU WANT.

23. ACCORDANCE WITH FEDERAL CIVIL JUDICIAL PROCEDURE RULE 12(A)(i) THE COURT IN FACT ERRORED IN LETTING THE DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR LACK OF JURISDICTION - EVEN SUBJECT MATTER JURISDICTION TO BE RULED ON AND PROPOSED FINAL JUDGMENT WHEN SAID MOTION TO DISMISS PURSUANT TO CHAPTER 14. FEDERAL CIVIL JUDICIAL PROCEDURE AND RULES IS MOOT BECAUSE DEFENDANT'S DID NOT ANSWER COMPLAINT AND SUMMON IN THE TIME THAT WAS REQUIRED IN THE CITATION. THE DEFENDANT'S IS NOT ABOUT THE RULES SET FORTH IN THE FED. CIVIL. PROC. RULES. THE DEFENDANT'S IS MORE THAN CABLE OF ANSWERING THE SUMMON AND COMPLAINT IN TIME AS REQUIRED BY TIME SET IN THE CITATION. JUST BECAUSE THE DEFENDANT'S SAT ON THEIR RIGHTS DOESN'T MEAN THE COURT HAS TO SHOW THE DEFENDANT'S ANY LENIENCY OR FAVORS AT ALL. THIS IS A PROCEDURAL DEFAULT BY DEFENDANT'S, ALSO THE JUDGE DID NOT GIVE ANY NOTICE OF TIME EXTENTION OR ANY OTHER ORDER ALLOWING THE DEFENDANT'S MORE TIME TO ANSWER SUMMON AND COMPLAINT. THE DEFENDANT'S SHOULD FOLLOW THE RULES IN FEDERAL CIVIL PROCEDURE AND RULES JUST AS THE PLAINTIFF-APPELLANT HAS TOO.

24. FEDERAL CIVIL JUDICIAL PROCEDURAL RULE 12(F) AUTHORIZES THE COURT TO "STRIKE" FROM A PLEADING AN INSUFFICIENT DEFENSE OR ANY IMMATERIAL OR IMPERTINENT MATTER. FEDERAL CIVIL PROCEDURE RULE 12(F) IS DESIGN TO REINFORCE THE REQUIREMENT OF FEDERAL CIVIL PROCEDURE AND RULE 12(a)(i). A DEFENSE INSUFFICIENT UNDER FEDERAL CIVIL PROCEDURE AND RULE 12(F) WHEN DEFENDANT'S FAIL TO ADHERE TO A COURT ORDER AND CITATION IN A TIMELY MATTER.

25. DEFENDANT'S HAVE FAIL TO FOLLOW FEDERAL CIVIL JUDICIAL PROCEDURE AND RULE 12(A)(i). BY NOT ANSWERING ORIGINAL PETITION IN A TIMELY MANNER. THE DEFENDANT'S ANSWER TO PLAINTIFF PETITION AND COURT CITATION WAS TWO (2) YEARS LATE DATED MAY 13, 2015. FROM THE TIME ALLOWED UNDER FED. JUDICIAL PROCEDURE RULE 12(A)(i).

26. THE DEFENDANT'S IS MORE THAN CABLE OF ANSWERING THE ORDER OF THE COURT BY REQUIRED TIME, DATE. IF THE PLAINTIFF-APPELLANT HAD SAT ON HIS RIGHTS THE COURT WOULD HAVE SAID "TO BAD SO SAD". YOU HAVE SAT ON YOUR RIGHTS, LENIENCY SHOULD NOT BE GIVEN TO THE DEFENDANT'S AND ALL OTHER ISSUES THAT THE DEFENDANT'S BROUGHT UP IN SAID MOTION TO DISMISS PURSUANT TO CHAPTER 14 IS MOOT.

9

# Conclusion

27. PLAINTIFF-APPELLANT SEEKING THIS COURT TO APPLY THE 14TH AMEND U.S.C. UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSE, ON THE MERIT OF THE UNITED STATES V. THE STATE OF TEXAS. THE U.S. SUPREME RULE THAT THE STATE OF TEXAS CONSTITUTION WAS FOUND WITH SEVERAL DEFECTS, THE DEFECTS VIOLATED THE 1ST 2ND 4TH 5TH 6TH 8TH AND 14TH AMEND U.S.C. THE COURT ORDER THE STATE ALIGN WITH THE FED. CONST AND PRESENT THE AMENDED SECTION AND ART. TO THE COURT AND CONGRESS FOR REVIEW, AND NOTICE STATE TO APPLY BY U.S. FED. CONST. LAW AND INTO THE ISSUE BE RESOLUTE. THAT WAS IN 1968, AS DECEMBER ? 2014, THE STATE HAS NOT PRESENT ANY THING TO THE SUPREME COURT OR U.S. CONGRESS, AND THE STATE IS OBLIGATED TO APPLY U.S. CONSTITUTIONAL LAW TO THIS CASE.

28. THE SECOND ISSUE PLAINTIFF-APPELLANT HAS ATTEMPT TO BRING TO THE COURT ATTENTION FOR THE PASS TEN (10) YEARS. THAT HE WAS SENTENCE UNDER 3F(A)(2) PENAL CODE SECTION. 19.02. AT THAT TIME 3G WAS NON EXISTING THIS WAS UNDER THE 1977. ACT. 65TH LEG. HOWEVER, 71ST LEG. AMENDED THE LAW. SEE: ACT. 1989. CH. 785. SECTION 501. HOWEVER, THE NEW LAW NOT RETROACTIVE? AND THE NEW LAW DON'T APPLY TO PLAINTIFF-APPELLANT. THE STATE BOARD OF PARDONS AND PLAINTIFF-APPELLANT WAS IN ERROR TO WEAR AND VIOLATED 14TH AMEND U.S. DUE PROCESS CLAUSE BY ATTEMPTED TO FORCE PLAINTIFF-APPELLANT TO WEAR LEG MONITOR AND VIOLATED AT RELEASE ON JANUARY 16, 2004, JEOPARDY WAS ATTACHED ON JANUARY 16, 2004, AT MIDNIGHT.

29. ON SEPTEMBER 4, 2015. CHIEF OF GOVERNMENT CONSIDERATE ACT ON WHAT SEEMS TRUE OR PROBABLE, HASTINESS DEBATED CONTESTED IDEAS OF AMBITIONS NOT WORTH OF DISCUSSION. DEFENDANT'S BROUGHT JURISDICTION INTO ISSUE MISREPRESENTED BY CHIEF OF GOVERNMENT IN A APPELLEE'S BRIEF. NOT DEBATABLE ENTITLE SOVEREIGN IMMUNITY HAS SUBJECT-MATTER JURISDICTION A NEW. STATE ITS AGENCIES. SUBDIVISIONS INCORPORATED DECREE BY BOARD OF PARDONS AND PAROLES. POLICIES. AND GUIDELINES PRETAINING TO THE ADMINIS-TRATION SPECIFIC ACTS OF ABUSE THAT DEFENDANT'S PERFORMED DISCRETIONARY FUNCTION IN GOOD FAITH WITH THEIR AUTHORITY. 915 SW 2d 882.

30. RULE 799. STATE. IF THE DEFENDANT WHO HAS BEEN PERSONALLY SERVED WITH CITATION ACCORDING TO LAW OR THESE RULES FAIL TO APPEAR AND ANSWER BY HIMSELF OR ATTORNEY WITHIN THE TIME PRESCRIBED BY LAW OR THESE RULES FOR OTHER ACTIONS IN THE DISTRICT COURT, THEN JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST HIM AND IN FAVOR OF THE PLAINTIFF-APPELLANT FOR THE TITLE OF PREMISES, OR THE POSSESSIONS THEREOF OR BOTH, ACCORDING TO THE PETITION AND FOR ALL COSTS, WITHOUT ANY PROOF BY THE PLAINTIFF-APPELLANT.

31. 5TH, 8TH 13TH CONSTITUTIONAL RIGHTS VIOLATION. PLAINTIFF-APPELLANT SEEK DAMAGE FOR WRONGFULLY IMPRISONMENT UNDER GOVERNMENTAL LIABILITY UNDER SECTION 103.105 CH.103. VERNON'S TEXAS CODES ANNOTATED PETITION CLAIM IS BASED ON BREACH OF CONTRACT (UNDER THE SERVITUDE ACT OF 1977) BETWEEN STATE PRISONER AND STATE. STATE BREACH CONTRACT ON JANUARY 16, 2004. AT MIDNIGHT AFTER ORIGINAL RELEASE ON JANUARY 16, 2004. PETITIONER COMPLETED 21 YEARS 4 MONTHS 21 DAYS AND HAVE BEEN FALSELY AND WRONGFUL IMPRISONMENT UNDER 11TH AMENDMENT U.S.C. SEE: ACTS. 1985. 69TH LEG. CH. 957. SECTION EFF. SEPT 1, 1985. REDESIGNATE FROM V. T. C. A. CIVIL PRACTICE AND REMEDIES CODE. SECTION 103.006. AND AMEND BY ACT. 2001. 77TH LEG. CH 1488. SECTION 1. EFF. JUNE 2001.

32. PLAINTIFF-APPELLANT RE ALLEGE AND INCORPORATE BY REFERENCE PARAGRAPHS.

33. DELIBERATE INDIFFERANCE: NEVER RECEIVED ANY RELIEF SUFFERING. PAIN. STRESS.

34. HARM DISMISSED AT ALL ACTIONS WHEN PRISONED AT A EVIDENTIARY ISF. JAIL TDCJ-ID. HEARINGS.

35. i TDCJ-ID PRISON OFFICALS T.B.P.P ARE PREVENTING PLAINTIFF APPELLANT FROM RELEASE THAT

36. PLAINTIFF-APPELLANT FILED SEVERAL COMPLAINTS ABOUT FALSE INFORMATION ABOUT ADMINISTRATIVE PROCEEDINGS AGAINST PLAINTIFF-APPELLANT

37. AFFIRMATIVELY DEMONSTRATED PLAINTIFF-APPELLANT STATE CRIMINAL CASE FILES DETERMINE THAT PLAINTIFF-APPELLANT CLAIM. THAT HE HAD BEEN ARRESTED WITHOUT PROBABLE CAUSE HAD ALREADY BEEN DECIDED AGAINST HIM BY STATE COURT.

38. MISCONDUCT PAROLE OFFICERS HAVE IMPROPERLY GIVEN FALSE INFORMATION ABOUT CRIMINAL PROCEEDINGS AGAINST PLAINTIFF APPELLANT. RIO DICKENSON GENERALLY DENYING THE FACTUAL ALLEGATION THIS COURT KNOWS THAT THE FACTS ALLEGED BY DEFENDANT'S ARE NOT TRUE. THE TEXAS CONSTITUTION ART I. SECTION 19. DEPRIVATION OF LIFE, LIBERTY ETC DUE COURSE OF LAW. VIOLATION.

UNDER THE UNITED STATES CONSTITUTION 5TH, 8TH, 11TH AND 14TH AMENDMENT CRUEL AND UNUSAL PUNISHMENT. A DUE PROCESS VIOLATION.

39. THE PLAINTIFF APPELLANT HAS NO PLAIN ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONG DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE DEFENDANT'S UNLESS THIS COURT GRANT THE DECLARATORY INJUNCTIVE RELIEF WHICH PLAINTIFF-APPELLANT SEEKS.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF APPELLANT RESPECTFULLY PRAYS IN HIS BILL RELIEF TO WHICH HE SUPPOSE HIMSELF ENTITLED ON THE CASE IN THE BILL AND FOR SUCH OTHER RELIEF AS THE NATURE OF THE CASE REQUIRE AND AS MAY BE AGREEABLE TO EQUITY AND GOOD CONSCIENCE.

40. HAVE MERCY ON ME GOD, IN ACCORDANCE WITH YOUR MERCIFUL LOVE. IN YOUR ABUNDANT COMPASSION BLOT OUT TRANSGRESSION, AND OF HEART "GOD AND SPIRIT" IN ASK DELIVERANCE FROM SIN, NOT JUST A PAST ACT BUT ITS EMOTIONAL, PHYSICAL AND SOCIAL CONSEQUENCES, LIVING BY THE SPIRIT OF GOD, THE RELATION BETWEEN GOD AND PEOPLE NEARNESS TO GOD BRING JOY AND THE AUTHORITY TO TEACH SINNERS SUCH PROCLAMATION IS BETTER THAN OFFERING SACRIFICE THE HOPE THAT GOD'S GOOD WILL FORWARD THOSE WHO ARE CLEANED AND CONTRITE WILL PROMPT HIM TO LOOK FAVORABLY ON THE ACTS OF WORSHIP OFFERED IN SIN.

41. MY MOTHER CONCEIVED ME IN INEQUITY WAS I CONCEIVED, AT NO TIME WAS EVER WITHOUT SIN. I AM MORTALLY AFFLICTED SINCE YOUTH I HAVE ALWAYS BEEN AFFLICTED, IN THE MOSIC LAW AS A INSTRUMENT FOR SPRINKLING SACRIFICAL BLOOD OR LUSTRAL WATER CLEANING FOR YOU DO NOT DESIRE SACRIFICE IN THE MERE OFFERING OF THE RITUAL SACRIFICE FROM GOOD DISPOSITION IS NOT ACCEPTED TO GOD, THAT THIS COURT ENTER JUDGMENT GRANTING PLAINTIFF-APPELLANT.

42. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF-APPELLANT'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

43. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANT'S STUART JENKINS DIRECTOR OF PAROLE AND RISSI OWEN VINDICATE PLAINTIFF-APPLLANT FROM THERE WRONG, FALSE, UNTRUE IDEAS AND AMBITION. SET ME APART FROM HUMILIATION.

44. COUNTER BALANCE TO ALL DAMAGE IN CIVIL REMEDIES AND PRACTICES. PRACTICE CODE SECTION IN AMOUNT 103.006. AND AMEND BY ACT 2001 77TH LEG. CH.1488 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

45. COUNTER BALANCE LIABILITY FOR WRONGFUL IMPRISONMENT UNDER 11TH AMENDMENT U.S.C IN THE AMOUNTS OF ACTS 1985 69TH LEG CH.957 SEC. EFF SEPT 1, 1985 REDESIGNATED FROM V.T.C.A. CIVIL REMEDIES CODE 103.006. AGAINST EACH DEFENDANT.

46. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

47. PLAINTIFF APPELLANT COST IN SUIT

48. ANY ADDITIONAL RELIEF THIS COURT DEEM JUST AND EQUITABLE.

DATE SEPTEMBER 14, 2015.
RESPECTFULLY SUBMITTED
*Eddie Don Johnson* #364033
EDDIE DON JOHNSON # 364033
TDCJ-JAMES A. LYNAUGH UNIT
1698 . S. HIGHWAY 2037
FORT STOCK TEXAS 79735-9795

VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED ON INFORMATION AND BELIEF, AND AS TO THOSE I BELIEVE THEM TO BE CORRECT AND TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SEPTEMBER 14. 2015
*Eddie Don Johnson* # #364033
EDDIE DON JOHNSON #364033

## CERTIFICATE OF SERVICE

I, EDDIE DON JOHNSON, PLAINTIFF-APPELLANT, CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING REQUISITES OF BRIEFS HAS BEEN SERVED BY PLACING IN THE UNITED STATES MAIL PREPAID ON THIS SEPTEMBER 15, 2015, ADDRESSED TO:

GLORIA M. AGULIAR, LEGAL SECRETARY TO
JENNIFER L. DANIEL
ASSISTANT ATTORNEY GENERAL
LAW ENFORCEMENT DIVISION
P.O. BOX 12548
AUSTIN, TEXAS 78711-2548

EDDIE DON JOHNSON
#364033
Eddie Don Johnson
#364033
APPELLANT, PRO SE

MINUTES OF THE _125th_ DISTRICT COURT OF HARRIS COUNTY, TEXAS

AT THE _August_ TERM, A. D. 19 _83_

0903.20

DISTRICT CLERK
CRIMINAL JUSTICE PLANNING FUND FEE ASSESSED.................................
LAW ENFORCEMENT OFFICER STANDARDS AND EDUCATION FUND..............$20.00
CRIME VICTIMS COMPENSATION FUND........................................  1.00
                                        TOTAL...................... 15.00
                                                                      4.00

J U D G M E N T

NO. _375536_

T H E   S T A T E   O F   T E X A S

v.

_Eddie Don Johnson aka Cookie_          Date _August 15_     19 _83_

Attorney for State        :   Asst. Dist. Atty. _Larry Schieve_

Attorney for Defendant    :   _Wes Hocker_

Waiver of Attorney    ☐   :   The defendant knowingly, intelligently and voluntarily
                              waived the right to representation by counsel

_Murder as charged in two paragraphs and that he heretofore_
_had once previously been convicted of a felony offense, but_
_upon motion of the State the enhancement paragraph was_
Offense
_abandoned and dismissed; defendant on trial for Murder_

Date of Offense          :        _October 29_        A. D. 19 _82_

Plea                     :   Not Guilty

Count and/or
Paragraph                :        _Count 1 Paragraph 1 and 2_

Plea to Enhancement.
Findings on Enhancement  :        _N/A_

Punishment               :   _60 years Texas Department of Corrections_

Sentence to begin        :        _November 21, 1982_

The Defendant having been indicted in the above entitled and numbered cause for the felony offense indicated above, and this cause being this day called for trial, the State appeared by her District Attorney as named above, and the Defendant named above, appeared in person and either by counsel as named above or waived counsel as indicated above, and both parties announced ready for trial. And the Defendant, in person and in writing, in open court, having waived his right of trial by jury, had the indictment read to him, and in open court pleaded not guilty. And after hearing the evidence submitted and arguments of counsel, the Court found the Defendant guilty of the offense indicated above, a felony, and assessed the punishment at confinement in the Texas Department of Corrections for the period indicated above.

It is therefore considered, ordered, and adjudged by the Court that the Defendant is guilty of the offense indicated above, a felony, that the defendant committed said offense on the date indicated above, that he be punished by confinement in the Texas Department of Corrections for the period indicated above and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which execution will issue.

B10

A12

STATE'S
EXHIBIT
A

And thereupon the said Defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of the said Defendant, to pronounce sentence against him as follows, to wit: "It is the order of the Court that the Defendant, named above, who has been adjudged to be guilty of the offense indicated above, a felony, and whose punishment has been assessed at confinement in the Texas Department of Corrections for the period indicated above, be delivered by the Sheriff of Harris County, Texas, immediately to the Director of Corrections of the State of Texas, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Department of Corrections for the period indicated above in accordance with the provisions of the law governing the Texas Department of Corrections."

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

Signed and entered on this the 16 day of August , A. D. 19 83 .

Judge, 185th District Court
of Harris County, Texas

, and the Court further found that a deadly weapon, to-wit, a firearm, was used during the commission of this offense

ON this the 13th day of September, A.D. 1983, the Court having overruled Defendant's motion for new trial,

To which action of the Court the Defendant then and there, in open Court excepted and gave notice of appeal to the Court of Appeals in the State of Texas, Houston, Texas.
And inasmuch as said Defendant has given notice of appeal herein, execution of the Sentence is deferred to await the Judgment and order of our Court of Appeals in this behalf.

On this the 28th day of December, A.D. 1984 mandate of affirmance received from the 14th Court of Appeals, Houston, Texas.
kj

On this the 3rd day of January, A.D. 1985 mandate alias capias issued.
kj

Be it remembered on the 4th day of January, A.D. 1985 sheriff return was recieved showing the defendnant was placed in jail on the 22nd day of November, A.D. 1982.
It is therefore the Order of the Court that sentence is to begin on November 22, 1982.

CD

This sentence to begin on 11-22-82 and the Sheriff of Harris County, Texas is hereby directed to attach to the committing papers a statement describing the defendants conduct while in jail in said cause.

## PRISONERS—SUPERVISION AND RELEASE

### CHAPTER 347

### S. B. No. 152

An Act relating to eligibility for and conditions, revocations, and administration of probation, parole, mandatory supervision, work furloughs, conditional pardons, emergency reprieves or furloughs, and other types of prisoner supervision and release from incarceration; amending Article 42.12, Code of Criminal Procedure, 1965, as amended, by amending Sections 1, 2, 12, 13, Subsections (a), (e), and (l) of Section 14A, Sections 15, 20, 21, 22, 24, 26, 27, 28, 30, and 31, and by adding Section 3f; adding Article 6181—1 to Title 109, Revised Civil Statutes of Texas, 1925, as amended; amending Section 28, Chapter 212, Acts of the 40th Legislature, Regular Session, 1927, as amended (Article 6166z1, Vernon's Texas Civil Statutes); amending Sections 1 and 6, Chapter 493, Acts of the 61st Legislature, Regular Session, 1969 (Article 6166x—3, Vernon's Texas Civil Statutes); repealing Article 48.05, Code of Criminal Procedure, 1965; repealing Section 23, Chapter 212, Acts of the 40th Legislature, Regular Session, 1927 (Article 6166v, Vernon's Texas Civil Statutes); and repealing Chapter 361, Acts of the 48th Legislature, Regular Session, 1943, as amended (Article 6184l, Vernon's Texas Civil Statutes).

*Be it enacted by the Legislature of the State of Texas:*

Section 1. Article 42.12, Code of Criminal Procedure, 1965, as amended, is amended by amending [32] Sections 1, 2, 12, 13, 15, 20, 21, 22, 24, 26, 27, 28, 30, and 31, and by adding [33] Section 3f to read as follows:

"Section 1. It is the purpose of this Article to place wholly within the State courts of appropriate jurisdiction the responsibility for determining when the imposition of sentence in certain cases shall be suspended, the conditions of probation, and the supervision of probationers, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas. It is also the intent of this Article to provide for the release of persons on parole and for the method thereof, to designate the Board of Pardons and Paroles as the responsible agency of State government to recommend determination of paroles and to further designate the Board of Pardons and Paroles as responsible for the investigation and supervision of persons released on parole. It is the intent of this Article to aid all prisoners to readjust to society upon completion of their period of incarceration by providing a program of mandatory supervision for those prisoners not released on parole or through executive clemency and to designate the Board of Pardons and Paroles as the agency of government responsible for the program. It is the final purpose of this Article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of probations and paroles in the public interest.

"Sec. 2. This Article may be cited as the 'Adult Probation, Parole, and Mandatory Supervision Law'.

"Unless the context otherwise requires, the following definitions shall apply to the specified words and phrases as used in this Article:

"a. 'Courts' shall mean the courts of record having original criminal jurisdiction;

---

32. Vernon's Ann.C.C.P. art. 42.12. §§ 1, 2.    33. Vernon's Ann.C.C.P. art. 42.12. § 3f.
12. 13. 15. 20 to 22, 24, 26 to 28. 30, 31.

"b. 'Probation' shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended;

"c. 'Parole' shall mean the release of a prisoner from imprisonment but not from the legal custody of the State, for rehabilitation outside of prison walls under such conditions and provisions for disciplinary supervision as the Board of Pardons and Paroles may determine. Parole shall not be construed to mean a commutation of sentence or any other form of executive clemency;

"d. 'Mandatory supervision' shall mean the release of a prisoner from imprisonment but not on parole and not from the legal custody of the State, for rehabilitation outside of prison walls under such conditions and provisions for disciplinary supervision as the Board of Pardons and Paroles may determine. Mandatory supervision may not be construed as a commutation of sentence or any other form of executive clemency;

"e. 'Probation officer' shall mean either a person duly appointed by one or more courts of record having original criminal jurisdiction, to supervise defendants placed on probation; or a person designated by such courts for such duties on a part-time basis;

"f. 'Parole officer' shall mean a person duly appointed by the Director of the Division of Parole Supervision and assigned the duties of investigating and supervising paroled prisoners and prisoners released to mandatory supervision to see that the conditions of parole or mandatory supervision are complied with;

"g. 'Board' shall mean the Board of Pardons and Paroles;

"h. 'Division' shall mean the Division of Parole Supervision of the Board of Pardons and Paroles; and

"i. 'Director' shall mean the Director of the Division of Parole Supervision."

"Sec. 3f. (a) The provisions of Sections 3 and 3c of this Article do not apply:

"(1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:

"(A) Section 19.03 (Capital murder);

"(B) Section 20.04 (Aggravated kidnapping);

"(C) Section 21.03 (Aggravated rape);

"(D) Section 21.05 (Aggravated sexual abuse);

"(E) Section 29.03 (Aggravated robbery); or

"(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

"(b) If there is an affirmative finding that the defendant convicted of a felony of the second degree or higher used or exhibited a firearm during the commission or flight from commission of the offense and the defendant is granted probation, the court may order the defendant confined in the Texas Department of Corrections for not less than 60 and not more than 120 days. At any time after the defendant has served 60 days in the custody of the Department of Corrections, the sentencing

judge, on his own motion or on motion of the defendant, may order the defendant released to probation. The Department of Corrections shall release the defendant to probation after he has served 120 days."

"Sec. 12. The Board of Pardons and Paroles created by Article 4, Section 11 of the Constitution of this State, shall administer the provisions of this Act respecting determinations of which prisoners shall be paroled from an institution operated by the Department of Corrections, the conditions of parole and mandatory supervision, and may recommend the revocation of releases to mandatory supervision, paroles, and conditional pardons by the Governor. Keeping the goals of this Act in mind, the Board shall have the authority to determine the degree and intensity of supervision a prisoner released on parole or released to mandatory supervision should receive.

"Sec. 13. The members of the Board shall give full time to the duties of their office and shall be paid such salaries as the Legislature may determine in Appropriation Acts. The members of the Board shall elect one of their number as chairman, who shall serve for a period of two years and until his successor is elected and qualified. .

"The Board shall meet at the call of the chairman and from time to time as may otherwise be determined by majority vote of the Board. A majority of the Board shall constitute a quorum for the transaction of all business.

"The Board shall adopt an official seal of which the courts shall take judicial notice. Decisions of the Board shall be by majority vote.

"The Board shall keep a record of its acts and shall notify each institution of its decision relating to the persons who are confined therein. At the close of each fiscal year the Board shall submit to the Governor and to the Legislature a report with statistical and other data of its work.

"All minutes of the Board and decisions relating to mandatory supervision, parole, pardon, and clemency shall be matters of public record and subject to public inspection at all reasonable times."

"Sec. 15. (a) The Board is authorized to release on parole, with the approval of the Governor, any person confined in any penal or correctional institution of this State who is eligible for parole under Subsection (b) of this Section. The period of parole shall be equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. All paroles shall issue upon order of the Board, duly adopted and approved by the Governor.

"(b) A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence for the offenses listed in Section 3f(a)(1) of this Article or if the judgment contains an affirmative finding under Section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less.

"(c) A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced. A

927

prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole. To the extent practicable, arrangements for the prisoner's proper employment, maintenance, and care shall be made prior to his release to mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time served on mandatory supervision is calculated as calendar time. Every prisoner while on mandatory supervision shall remain in the legal custody of the institution from which he was released but shall be amenable to the orders of the Board.

"(d) A prisoner who has not been released to mandatory supervision and has 180 calendar days or less remaining on his sentence may be released by order of the Board to mandatory supervision.

"(e) Within one year after a prisoner's admittance to the penal or correctional institution and at such intervals thereafter, as it may determine, the Board shall secure and consider all pertinent information regarding each prisoner, except any under sentence of death, including the circumstances of his offense, his previous social history and criminal record, his conduct, employment and attitude in prison, and his physical and mental health.

"(f) Before ordering the parole of any prisoner, the Board may have the prisoner appear before it and interview him. A parole shall be ordered only for the best interest of society, not as an award of clemency; it shall not be considered to be a reduction of sentence or pardon. A prisoner shall be placed on parole only when arrangements have been made for his proper employment or for his maintenance and care, and, as may be, in part, evidenced by the prisoner's having made, in whole or in part, restitution or reparation to the victim of his crime, the total amount of such restitution or reparation as may be established by the court and entered in the judgment of the court which sentenced the prisoner to his term of imprisonment, and when the Board believes that he is able and willing to fulfill the obligations of a law-abiding citizen. Every prisoner while on parole shall remain in the legal custody of the institution from which he was released but shall be amenable to the orders of the Board.

"(g) The Board may adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to the eligibility of prisoners for parole and mandatory supervision, the conduct of parole and mandatory supervision hearings, or conditions to be imposed upon parolees and persons released to mandatory supervision. Each person to be released on parole shall be furnished a written statement and contract setting forth in clear and intelligible language the conditions and rules of parole. The conditions may include the making of restitution or reparation to the victim of the prisoner's crime, the total amount of such restitution or reparation as may be established by the court and entered in the judgment of the court which sentenced the prisoner to his term of imprisonment. Acceptance, signing, and execution of the contract by the inmate to be paroled shall be a precondition to release on parole. Persons released on mandatory supervision shall be furnished a written statement setting forth in clear and intelligible language the conditions and rules of mandatory supervision.

"(h) It shall be the duty of the Board at least ten days before ordering the parole of any prisoner or upon the granting of executive clemency by the Governor to notify the sheriff, the district attorney and the

district judge in the county where such person was convicted that such parole or clemency is being considered by the Board or by the Governor.

"(i) If no parole officer has been assigned to the locality where a person is to be released on parole, mandatory supervision, or executive clemency the Board shall notify the chairman of the Voluntary Parole Board of such county prior to the release of such person. The Board shall request such Voluntary Parole Board, in the absence of a parole officer, for information which would herein be required of such duly appointed parole officer. This shall not, however, preclude the Board from requesting information from any public agency in such locality."

"Sec. 20. The Board shall have the power and duty to make rules for the conduct of persons placed on parole and of persons released to mandatory supervision.

"Sec. 21. (a) A warrant for the return of a paroled prisoner, a prisoner released to mandatory supervision, a prisoner released on emergency reprieve or on furlough, or a person released on a conditional pardon to the institution from which he was paroled, released, or pardoned may be issued by the Board on order by the Governor when there is reason to believe that he has committed an offense against the laws of this State or of the United States, violated a condition of his parole, mandatory supervision, or conditional pardon, or when the circumstances indicate that he poses a danger to society that warrants his immediate return to incarceration. Such warrant shall authorize all officers named therein to take actual custody of the prisoner and return him to the institution from which he was released. Pending hearing, as hereinafter provided, upon any charge of parole violation or violation of the conditions of mandatory supervision, the prisoner shall remain incarcerated.

"(b) A prisoner for whose return a warrant has been issued by the Board shall, after the issuance of such warrant, be deemed a fugitive from justice and if it shall appear that he has violated the conditions or provisions of his mandatory supervision or parole, then the time from the issuing of such warrant to the date of his arrest shall not be counted as any part of the time to be served under his sentence. The law now in effect concerning the right of the State of Texas to extradite persons and return fugitives from justice, and Article 42.11 of this Code concerning the waiver of all legal requirements to obtain extradition of fugitives from justice, from other states to this State, shall not be impaired by this Act and shall remain in full force and effect.

"Sec. 22. Whenever a prisoner or a person granted a conditional pardon is accused of a violation of his parole, mandatory supervision, or conditional pardon on information and complaint by a law enforcement officer or parole officer, he shall be entitled to be heard on such charges before the Board or its designee under such rules and regulations as the Board may adopt; providing, however, said hearing shall be a public hearing and shall be held within ninety days of the date of arrest under a warrant issued by the Board of Pardons and Paroles or the Governor and at a time and place set by the Board. When the Board has heard the facts, it may recommend to the Governor that the parole, mandatory supervision, or conditional pardon be continued, or revoked, or modified in any manner the evidence may warrant. When the Governor revokes a person's parole, mandatory supervision, or conditional pardon, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

When a warrant is issued by the Board of Pardons and Paroles or the Governor charging a violation of release conditions, the sentence time credit shall be suspended until a determination is made by the Board of Pardons and Paroles or the Governor in such case and such suspended time credit may be re-instated by the Board of Pardons and Paroles should such parole, mandatory supervision, or conditional pardon be continued."

"Sec. 24.   When any prisoner who has been paroled or released to mandatory supervision has complied with the rules and conditions governing his release until the end of the term to which he was sentenced, and without a revocation of his parole or mandatory supervision, the Board shall make a final order of discharge and issue the prisoner a certificate of discharge."

"Sec. 26.   The Board of Pardons and Paroles shall have general responsibility for the investigation and supervision of all prisoners released on parole and to mandatory supervision.  For the discharge of this responsibility, there is hereby created with the Board of Pardons and Paroles, a Division of Parole Supervision.  Subject to the general direction of the Board of Pardons and Paroles, the Division of Parole Supervision, including its field staff shall be responsible for obtaining and assembling any facts the Board of Pardons and Paroles may desire in considering parole eligibility, in establishing a mandatory supervision plan, and for investigating and supervising paroled prisoners and prisoners released to mandatory supervision to see that the conditions of parole and mandatory supervision are complied with, and for making such periodic reports on the progress of parolees and prisoners released to mandatory supervision as the Board may desire.

"Sec. 27.   All information obtained in connection with inmates of the Texas Department of Corrections subject to parole, release to mandatory supervision, or executive clemency or individuals who may be on mandatory supervision or parole and under the supervision of the division, or persons directly identified in any proposed plan of release for a prisoner, shall be confidential and privileged information and shall not be subject to public inspection; provided, however, that all such information shall be available to the Governor and the Board of Pardons and Paroles upon request.  It is further provided, that statistical and general information respecting the parole and mandatory supervision program and system, including the names of paroled prisoners, prisoners released to mandatory supervision, and data recorded in connection with parole and mandatory supervision services, shall be subject to public inspection at any reasonable time.

"Sec. 28.   Salaries of all employees of the Division of Parole Supervision shall be governed by Appropriation Acts of the Legislature.  The Board of Pardons and Paroles shall appoint a Director of the Division, and all other employees shall be selected by the Director, subject to such general policies and regulations as the Board may approve.

"It is expressly provided, however, that no person may be employed as a parole officer or supervisor, or be responsible for the investigations or supervision of persons on parole or mandatory supervision, unless he meets the following qualifications together with any other qualifications that may be specified by the Director of the Division, with the approval of the Board of Pardons and Paroles; four years of successfully completed education in an accredited college or university, and two years of full time paid employment in responsible correctional work with adults

or juveniles, social welfare work, teaching, or personnel work. Additional experience in the above categories may be substituted year for year for the required college education, with a maximum substitution for two years."

"Sec. 30. In order to provide supervision of parolees, persons released to mandatory supervision, and persons granted executive clemency who reside in sparsely settled areas of the State and in localities not served by regularly employed parole officers, the Governor of this State is authorized to appoint chairmen of Voluntary Parole Boards for such areas or localities. The appointed chairman may, with the advice and approval of the Director of the Division of Parole Supervision, appoint additional members of such Voluntary Parole Boards. The term of service by such appointed chairmen of Voluntary Parole Boards shall not exceed the term of office of the appointing Governor; and the terms of service of locally appointed additional members of such Voluntary Parole Boards shall not exceed the terms of office of the director. However, it is expressly provided that the terms of service by such chairmen and additional members of Voluntary Parole Boards may be continued by appropriate reappointments. The chairman of the Voluntary Parole Board shall be responsible for assigning supervision of parolees and of persons released to mandatory supervision to the members of such board.

"Sec. 31. No person who is serving as a sheriff, deputy sheriff, constable, deputy constable, city policeman, Texas Ranger, state highway patrolman, or similar law enforcement officer, or as a prosecuting attorney, shall act as a parole officer or be responsible for the supervision of persons on parole or released to mandatory supervision."

Sec. 2. Subsections (a), (e), and (i) of Section 14A, Article 42.12, Code of Criminal Procedure, 1965, are amended [34] to read as follows:

"(a) To aid and assist the Board of Pardons and Paroles in parole and mandatory supervision decisions, provision is hereby made for the appointment of parole commissioners."

"(e) In matters of parole decisions and mandatory supervision revocation decisions, the commissioners shall have the same duties and authority as the board members. A parole panel, as hereinafter provided, may recommend the granting, denying, or revocation of parole, the revocation of mandatory supervision status, and may conduct parole revocation hearings and mandatory supervision revocation hearings. The commissioners may interview inmates for parole consideration, and they shall perform their duties as directed by the board in its rules and regulations affecting these commissioners."

"(i) In matters of parole and release to mandatory supervision, the board members and commissioners may act in panels comprised of three persons in each panel. The composition of the respective panels shall be designated by the board. A majority of each panel shall constitute a quorum for the transaction of its business, and its decisions shall be by a majority vote. The functions given to the board throughout Article 42.12, Code of Criminal Procedure, 1965, as amended, may be enlarged and extend to the parole panels, as provided by board rules. The powers of the board and the board members can be delegated by the board to the parole panels and to the commissioners as needed for the convenience of and assistance to the board."

34. Vernon's Ann.C.C.P. art. 42.12, § 14A,
  subsecs. (a), (e), (i).

Sec. 3.   Title 108, Revised Civil Statutes of Texas, 1925, as amended, is amended by adding [35] Article 6181—1 to read as follows:

"Art. 6181—1.   Inmate classification and good conduct time

"Section 1.   For the purpose of this Article:

"(1) 'Department' means the Texas Department of Corrections.

"(2) 'Director' means the Director of the Texas Department of Corrections.

"(3) 'Inmate' means a person confined by order of a court in the Texas Department of Corrections, whether he is actually confined in the institution or is under the supervision or custody of the Board of Pardons and Paroles.

"(4) 'Term' means the maximum term of confinement in the Texas Department of Corrections stated in the sentence of the convicting court. When two or more sentences are to be served consecutively and not concurrently, the aggregate of the several terms shall be considered the term for purposes of this Article.   When two or more sentences are to run concurrently, the term with the longest maximum confinement will be considered the term for the purposes of this Article.

"Sec. 2.   The department shall classify all inmates as soon as practicable upon their arrival at the department and shall reclassify inmates as circumstances may warrant.   All inmates shall be classified according to their conduct, obedience, industry, and prior criminal history.   The director shall maintain a record on each inmate showing all classifications and reclassifications with dates and reasons therefor.

"Sec. 3.   (a) Inmates shall accrue good conduct time based upon their classification as follows:

"(1) 20 days for each 30 days actually served while the inmate is classified as a Class I inmate;

"(2) 10 days for each 30 days actually served while the inmate is classified as a Class II inmate; and

"(3) 10 additional days for each 30 days actually served if the inmate is a trusty.

"(b) No good conduct time shall accrue during any period the inmate is classified as a Class III inmate or is on parole or under mandatory supervision.

"Sec. 4.   Good conduct time applies only to eligibility for parole or mandatory supervision as provided in Section 15, Article 42.12, Code of Criminal Procedure, 1965, as amended, and shall not otherwise affect the inmate's term.   Good conduct time is a privilege and not a right.   Consequently, if during the actual term of imprisonment in the department, an inmate commits an offense or violates a rule of the department, all or any part of his accrued good conduct time may be forfeited by the director.   The director may, however, in his discretion, restore good conduct time forfeited under such circumstances subject to rules and policies to be promulgated by the department.   Upon revocation of parole or mandatory supervision, the inmate loses all good conduct time previously accrued, but upon return to the department may accrue new good conduct time for subsequent time served in the department.

"Sec. 5.   If the release of an inmate falls upon a Saturday, Sunday, or legal holiday, the inmate may, at the discretion of the director, be released on the preceding workday."

35.   Vernon's Ann.Civ.St. art. 6181—1.

Sec. 4. Section 28, Chapter 212, Acts of the 40th Legislature, Regular Session, 1927, as amended (Article 6166z1, Vernon's Texas Civil Statutes), is amended [36] to read as follows:

"Sec. 28.

"When a convict is entitled to a discharge from the State penitentiary, or is released therefrom on parole, mandatory supervision, or conditional pardon, the Director of the Department of Corrections or his Executive Assistant shall prepare and deliver to him a written discharge or release, as the case may be, dated and signed by him with seal annexed, giving convict's name, the name of the offense or offenses for which he was convicted, the term of sentence imposed and the date thereof, the county in which he was sentenced, the amount of commutation received, if any, the trade he has learned, if any, his proficiency in same, and such description of the convict as may be practicable. He shall be furnished, if needed, suitable civilian clothes, and all money held to his credit by any official of the Texas Department of Corrections shall be delivered to him.

"The amount of money which a convict is entitled to receive from the State of Texas when he is discharged from the State penitentiary or released from the State penitentiary on parole, mandatory supervision, or conditional pardon shall be $200."

Sec. 5. Sections 1 and 6, Chapter 493, Acts of the 61st Legislature, Regular Session, 1969 (Article 6166x—3, Vernon's Texas Civil Statutes), is amended [37] to read as follows:

"Section 1. The Texas Department of Corrections is hereby authorized to grant work furlough privileges, under the 'Work Furlough Plan,' as hereinafter provided, which may include programs and procedures for inmates to contribute restitution or reparation to victims of the prisoner's crime, as established by the judgment of the court that sentenced the prisoner to his term of imprisonment, to any inmate of the state prison system serving a term of imprisonment, under such rules, regulations, and conditions as the department of corrections may prescribe."

"Sec. 6. Every prisoner gainfully employed under work furlough privileges is liable for the cost of his keep in the prison or quarters as may be fixed by the department of corrections. Such payments shall be deposited periodically, but at least annually, in the general revenue fund of the state. After deduction of such amounts the director of the department of corrections shall disburse the wages or salaries of employed prisoners for the following purposes and in the order stated:

"(1) necessary travel expense to and from work and other incidental expenses of the prisoner;

"(2) support of the prisoner's dependents, if any;

"(3) restitution or reparation to the victim of the prisoner's crime for which he is serving a term of imprisonment, the total amount of such restitution or reparation as may be established by the court and entered in the judgment of the court that sentenced the prisoner to his term of imprisonment;

"(4) the balance, if any, to the prisoner upon his discharge."

Sec. 6. Article 48.05, Code of Criminal Procedure, 1965, Section 23, Chapter 212, Acts of the 40th Legislature, Regular Session, 1927 (Article 6166v, Vernon's Texas Civil Statutes), and Chapter 361, Acts of the 48th

36. Vernon's Ann.Civ.St. art. 6166z1.
37. Vernon's Ann.Civ.St. art. 6166x—3, §§ 1, 6.

Legislature, Regular Session, 1943, as amended (Article 6184*l*, Vernon's Texas Civil Statutes) are repealed.[38]

Sec. 7.[39]   This Act applies only to inmates sentenced to the Texas Department of Corrections for an offense committed on or after the effective date of this Act.   Inmates sentenced for an offense committed prior to the effective date of this Act are governed by the law existing before the effective date, which is continued in effect for this purpose. For the purpose of this Act, an offense is committed on or after the effective date if any element of the offense occurs on or after the effective date.

Sec. 8.   The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each house be suspended, and this rule is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted.

   Passed the senate on March 23, 1977: Yeas 24, Nays 7;  May 18, 1977, senate refused to concur in house amendments and requested appointment of Conference Committee; May 20, 1977, house granted request of the senate;  May 27, 1977, senate adopted Conference Report:  Yeas 23, Nays 7;  May 28, 1977, vote by which adopted reconsidered and Conference Report withdrawn;  May 30, 1977, senate adopted Conference Report:  Yeas 22, Nays 8;  passed the house, with amendments, on May 13, 1977:  Yeas 103, Nays 26, one present not voting;  May 20, 1977, house granted request of the senate for appointment of Conference Committee;  May 30, 1977, house adopted Conference Report:  Yeas 82, Nays 62, one present not voting.

Approved June 10, 1977.

Effective Aug. 29, 1977, 90 days after date of adjournment.

---

38.  Vernon's Ann.C.C.P. art. 48.05;  Vernon's Ann.Civ.St. arts. 6166v, 6184*l*, repealed.

39.  Vernon's Ann.C.C.P. art. 42.12 note.

(2) the role of the community justice assistance division and the Board of Pardons and Paroles division of the Texas Department of Criminal Justice in:

(A) encouraging and referring persons to the program; and

(B) ensuring that those persons participate in the program and avail themselves of its services;

(3) the role of the Commission in developing and maintaining a statewide network for finding positions of employment that require the skills possessed by program participants and in helping those participants to secure employment; and

(4) the methods by which the Commission shall coordinate its efforts under this section with the operations of service providers operating under the Texas Job-Training Partnership Act (Article 4413(52), Vernon's Texas Civil Statutes).

(c) The Commission shall coordinate the development of the memorandum of understanding. The Texas Department of Criminal Justice shall adopt rules as necessary to implement the memorandum and may amend the memorandum and those rules as necessary.

(d) The administrator of the Commission shall designate a person to serve as state director of the program to coordinate the efforts of the affected state agencies and to expedite the delivery of services to participants in the program, including prospective employers.

(e) The program director shall:

(1) propose, for adoption by the Commission, standards and guidelines for the operation of the program;

(2) obtain information from appropriate state agencies and offices affiliated with the program to determine any necessary changes in the program;

(3) disseminate information about the program on a statewide basis; and

(4) train Commission staff to assist in the operation of affiliated services.

SECTION 4.24. Sections 5 and 6, Article 42.03, Code of Criminal Procedure, are repealed.

SECTION 4.25. Section 15(f)(2), Article 42.12, Code of Criminal Procedure, is repealed.

## ARTICLE 5

SECTION 5.01. Article 42.18, Code of Criminal Procedure, is amended to read as follows:

Art. 42.18. ADULT PAROLE AND MANDATORY SUPERVISION LAW

Sec. 1. *INTENT*. It is the intent of this article to provide for the release of *appropriate* persons on parole and [for the method thereof, to designate the Board of Pardons and Paroles as the agency of state government with exclusive authority to determine paroles, and to further designate the board as responsible for the investigation and supervision of persons released on parole. It is the intent of this article] to aid all prisoners to readjust to society upon completion of their period of incarceration by providing a program of mandatory supervision for those prisoners not released on parole or through executive clemency [and to designate the board as the agency of government responsible for the program]. It is the final *intent* [purpose] of this article to remove from existing statutes the limitations, other than questions of constitutionality, that have acted as barriers to effective systems of parole and mandatory supervision in the public interest.

Sec. 2. *DEFINITIONS*. In [This article may be cited as the "Adult Parole and Mandatory Supervision Law."

[Unless the context otherwise requires, the following definitions shall apply to the specified words and phrases as used in] this article:

(1) [a.] "Parole" means the *conditional* release of an eligible prisoner from the physical custody of the *institutional division of the Texas Department of Criminal Justice* [Texas Department of Corrections] to serve the remainder of his sentence under

3531

TEXAS DE...
ACCESS TO COURTS ...CTIONS

he has served plus any accrued good conduct time equal the maximum term to which he was sentenced. A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole. To the extent practicable, arrangements for the prisoner's proper employment, maintenance, and care shall be made prior to his release to mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time served on mandatory supervision is calculated as calendar time. Every prisoner while on mandatory supervision shall remain in the legal custody of the state and shall be amenable to conditions of supervision ordered by the board. A prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code or if the prisoner is serving a sentence for:

(1) a first degree felony under Section 19.02, Penal Code (Murder);

(2) a capital felony under Section 19.03, Penal Code (Capital Murder);

(3) a first degree felony or a second degree felony under Section 20.04, Penal Code (Aggravated Kidnapping);

(4) a second degree felony under Section 22.011, Penal Code (Sexual Assault);

(5) a second degree or third degree felony under Section 22.02, Penal Code (Aggravated Assault);

(6) a first degree felony under Section 22.021, Penal Code (Aggravated Sexual Assault);

(7) a first degree felony under Section 22.03, Penal Code (Deadly Assault on Law Enforcement or Corrections Officer or Court Participant);

(8) a first degree felony under Section 22.04, Penal Code (Injury to a Child or an Elderly Individual);

(9) a first degree felony under Section 28.02, Penal Code (Arson);

(10) a second degree felony under Section 29.02, Penal Code (Robbery);

(11) a first degree felony under Section 29.03, Penal Code (Aggravated Robbery); or

(12) a first degree felony under Section 30.02, Penal Code (Burglary), if the offense is punished under Subsection (d)(2) or (d)(3) of that section.

(d)(1) If a prisoner is sentenced to consecutive felony sentences under Article 42.08 of this code, the board shall designate during each sentence the date, if any, on which the prisoner would have been eligible for release on parole if the prisoner had been sentenced to serve a single sentence.

(2) For the purposes of Article 42.08 of this code, the judgment and sentence of a prisoner sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate:

(A) when the actual calendar time served by the prisoner equals the sentence imposed by the court; or

(B) on the date the board designates as the date on which the prisoner would have been eligible for release on parole if the prisoner had been sentenced to serve a single sentence.

(3) The board may not treat consecutive sentences as a single sentence for purposes of parole and may not release on parole a prisoner sentenced to serve consecutive felony sentences earlier than the date on which the prisoner becomes eligible for release on parole from the last sentence imposed on the prisoner.

(4) Calendar time served and good conduct time accrued by a prisoner that are used by the board in determining when a judgment and sentence cease to operate may not be used by the board:

(A) for the same purpose in determining that date in a subsequent sentence in the same series of consecutive sentences; or

Sec. 22. CONTRACTS FOR SUPERVISION. [27. (a)] The *board* [Board of Pardons and Paroles] shall request proposals and *shall* [may] award contracts to *departments* [district probation offices] to provide parole services to persons released to the supervision of the board. *Not later than January 1, 1991, the board shall enter into contracts under this section that provide for the supervision of at least five percent of all persons who would otherwise be supervised by the board.* [The board may award a contract under this section if the board determines that:

[(1) the district probation office proposing to enter into the contract can provide qualified officers, types and levels of supervision, and a reporting system that are acceptable to the department; and

[(2) the services can be provided at a cost that is not less than 10 percent lower than the cost to the board of providing the same services.

[(b) A contract entered into under this section must contain:

[(1) a requirement that the district probation office provide qualified officers, types and levels of supervision, and a reporting system that are acceptable to the board; and

[(2) a provision authorizing the board to monitor the performance of the district probation office to determine if the office is in compliance with the contract.

[(c) The board shall specifically request the district probation office serving Tarrant County and the district probation office serving Potter County to enter into a contract under this section. If a district probation office submits a proposal under this subsection that is acceptable to the board under the standards, terms, and conditions of this section, the board shall award the office a contract with a duration of two years.]

Sec. 23 [28]. *ELECTRONIC MONITORING.* [(a)] In order to establish and maintain electronic monitoring programs as authorized by [Section 8(g) of] this article, the *board* [Board of Pardons and Paroles] may fund electronic monitoring programs in parole offices, *develop standards for the operation of electronic monitoring programs in parole offices, and provide funds for the purchase, lease, or maintenance of electronic monitoring equipment. In determining whether electronic monitoring equipment should be leased or purchased, the board shall take into consideration the rate at which technological change makes electronic monitoring equipment obsolete* [serving counties with a population of 400,000 or more, as determined by the Criminal Justice Coordinating Council, on the basis of the best information available to the council.

[(b) If the board determines that programs funded under Subsection (a) of this section are of a sufficient quality and are cost effective, the commission may:

[(1) develop standards for the operation of electronic monitoring programs in parole offices throughout the state; and

[(2) provide funds for the purchase or lease and maintenance of electronic monitoring equipment.

[(c) The board shall seek funding for an electronic monitoring program on a priority basis].

Sec. 24 [29]. *SPECIAL PROGRAMS.* (a) The *Texas* Board of *Criminal Justice, if funds are appropriated to the board for that purpose,* [Pardons and Paroles] may enter into contracts for the provision of certain services to be provided to releasees under the supervision of the board, including the following:

(1) services to releasees who have a history of mental *impairment* [health] or mental retardation;

(2) services to releasees who have a history of substance abuse; or

(3) services to releasees who have a history of sexual offenses.

(b) The board shall seek funding for the contracts from the legislature as a priority item.

Sec. 25 [30]. *INTENSIVE SUPERVISION.* The board shall establish a program to provide intensive supervision to inmates released under the provisions of Article 6184o, Revised Statutes, and other inmates determined by the board to require intensive supervision. The program must provide the highest level of supervision provided by the

3546

board. [The program must also provide extensive case planning on the part of parole officers, a high frequency of contact between officers and parolees, and a caseload for officers of not more than 40 parolees.

[Sec. 35. The Board of Pardons and Paroles and the Texas Department of Corrections are authorized to enter into interagency contracts for the placement of offenders in secure correctional facilities authorized by Article 6166g-2, Revised Statutes.]

Sec. 26. COMMUNITY-BASED FACILITIES. (a) The board may establish and operate or contract for the operation of community-based intermediate sanction facilities to house, maintain, and provide services for:

(1) persons required by the board as a condition of parole or mandatory supervision under Section 8(g) of this article to serve a period in a community-based facility; and

(2) persons whose release on parole or mandatory supervision has been continued or modified under Section 14(a) of this article, and on whom sanctions have been imposed under that section.

(b) The purpose of a facility authorized by this section is to provide housing, supervision, counseling, personal, social, and work adjustment training, and other programs for persons described by Subsection (a) of this section.

(c) The board may not establish, enter into a contract for a community-based facility, or change the use of or significantly increase the capacity of a community-based facility unless the board provides notice of the proposed action and a hearing on the issues in the same manner required of the community justice assistance division under Section 10, Article 42.131, of this code before the division takes an action under Section 5 of that article. This section applies to any residential facility that the board establishes or contracts for under this article, under Chapter 493, Acts of the 61st Legislature, Regular Session, 1969 (Article 6166x-3, Vernon's Texas Civil Statutes), or under Article 6166x-4, Revised Statutes.

(d) The Texas Board of Criminal Justice shall adopt rules necessary for the management of community-based facilities authorized by this section.

(e) The board may charge a reasonable fee to a person housed in a facility authorized by this section for the cost of housing, board, and that part of the administrative costs of the facility that may be properly allocable to the person. A fee imposed under this subsection may not exceed the actual costs to the board for services to the person charged for the services. The board may not deny placement in a community-based facility to a person because that person is unable to pay a fee authorized by this section.

(f) A parole panel or a designee of the board may grant a limited release to a person placed in a community-based facility so that the person may maintain or seek employment, education or training courses, or housing after release from the facility.

(g) The board may enter into a contract with a public or private vendor to provide or supplement housing, board, or supervision for persons placed in community-based facilities. A person housed or supervised in a facility operated by a vendor under a contract is subject to the same provisions of law as if the housing or supervision were provided directly by the board.

SECTION 5.02. (a) The governor shall appoint the new members to the Board of Pardons and Paroles on or before January 1, 1990, and the terms of members serving on December 31, 1989, expire on that date. Of the new appointees, at least three must have been serving as members of the Board of Pardons and Paroles on September 1, 1989.

(b) Of the initial members of the new board, the governor shall appoint six to serve terms expiring on February 1, 1991, six to serve terms expiring on February 1, 1993, and six to serve terms expiring on February 1, 1995. On the expiration of the terms of the initial members of the new board, the term of a member appointed by the governor is six years.

(c) The powers, duties, and obligations of the members of the Board of Pardons and Paroles are disposed of as provided by Section 1.20 of this Act.

SECTION 8.03. Section 6, Chapter 696, Acts of the 70th Legislature, Regular Session, 1987 (Article 601d-1, Vernon's Texas Civil Statutes), is amended to read as follows:

Sec. 6. AMOUNT OF OUTSTANDING BONDS. At any one time, the combined amount of outstanding revenue bonds and outstanding general obligation bonds issued under this Act may not exceed *$900* [$500] million.

SECTION 8.04. (a) This section applies to bond proceeds distributed for use by the Texas Department of Mental Health and Mental Retardation, the Texas Department of Corrections, the Texas Youth Commission, or the Department of Public Safety.

(b) Proceeds of bonds authorized by this Act may not be used to finance a project unless the agency using the proceeds has submitted to the Legislative Budget Board specific plans for the project. If required by the General Appropriations Act, project plans must be approved by the Legislative Budget Board before the bond proceeds are expended.

SECTION 8.05. The Texas Public Finance Authority may not issue bonds under Section 4(a)(2), Chapter 696, Acts of the 70th Legislature, Regular Session, 1987 (Article 601d-1, Vernon's Texas Civil Statutes), as added by this Act, before September 1, 1991, unless the comptroller has determined that the total amount of debt service that the state will be required to pay during the biennium ending September 1, 1991, on those bonds and all other bonds previously issued under Section 4(a)(2) will not exceed $24 million. On request of the comptroller, the authority shall provide the comptroller with information the comptroller considers necessary to make that determination. The comptroller shall submit the determination in writing to the authority and the bond review board.

## ARTICLE 9

SECTION 9.01. (a) Except as provided by Subsections (b) and (c) of this section, this Act takes effect September 1, 1989.

(b) Sections 8.02 and 8.03 of this Act take effect on the date on which the constitutional amendment proposed by S.J.R. 24, 71st Legislature, Regular Session, 1989, takes effect. If that amendment is not approved by the voters, those sections have no effect.

(c) The following provisions have immediate effect:

(1) Section 8(a) and Section 13, Article 42.18, Code of Criminal Procedure, as amended by Section 5.01 of this Act;

(2) Chapter 493, Acts of the 61st Legislature, Regular Session, 1969 (Article 6166x-3, Vernon's Texas Civil Statutes), as amended by Section 4.19 of this Act;

(3) Section 4, Article 42.03, Code of Criminal Procedure, as amended by Section 4.06 of this Act; and

(4) Section 3(c), Article 6181-1, Revised Statutes, as amended by Section 4.18 of this Act.

SECTION 9.02. The importance of this legislation and the crowded condition of the calendars in both houses create an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days in each house be suspended, and this rule is hereby suspended, and that this Act take effect and be in force according to its terms, and it is so enacted.

Passed by the House on May 4, 1989, by the following vote: Yeas 136, Nays 2; that the House refused to concur in Senate amendments to H.B. No. 2335 on May 22, 1989, and requested the appointment of a conference committee to consider the differences between the two houses; and that the House adopted the conference committee report on H.B. No. 2335 on May 29, 1989, by the following vote: Yeas 144, Nays 0, 1 present, not voting; passed by the Senate, with amendments, on May 19, 1989, by the following vote: Yeas 31, Nays 0; at the request of the House, the Senate appointed a conference committee to consider the differences between the two houses; and that the Senate adopted the conference committee report on H.B. No. 2335 on May 28, 1989, by the following vote: Yeas 28, Nays 0.



# State of Texas

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PARDONS AND PAROLE DIVISION
### Certificate of Mandatory Supervision

TDCJ-PD

Date of Issuance: 12/11/2003

**Name**
JOHNSON,EDDIE DON

TDCJ #
00364033

SID #
01607144

**Legal county of residence**
HARRIS

**Approved county of release**
HARRIS

**Location:** Unit KN, TDCJ-ID

**Cause#:** 375537     375536

---

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Mandatory Supervision under the provisions of Chapter 508, Texas Gov't. Code. THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Mandatory Supervision and shall immediately report to the office indicated below for supervision:

REID COMM. CORR. FACILITY
10950 BEAUMONT HWY 90
HOUSTON, TX 77078
(713)675-4426

Report immediately & directly to your halfway house (HWH). If verifiable transportation delays or other emergency occurs, contact the HWH immediately. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.

and shall be permitted to be at liberty in the legal custody of the State of Texas but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Mandatory Supervision herein. The period of Mandatory Supervision shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence. The time to be served under Mandatory Supervision is also calculated as calendar time. The certificate shall become effective when eligibility requirements for Mandatory Supervision under Chapter 508, Texas Gov't. Code have been met or when Mandatory Supervision is ordered by the Board of Pardons and Paroles.

---

## STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.

I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.

I shall submit to testing for alcohol or controlled substances.

I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.

I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the offense for which I was sentenced to the Institutional Division.

I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Progress in which I participated in TDCJ.

Upon written instruction from my supervising officer:

I shall participate in a drug or alcohol continuum of care treatment program.

I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.

I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.

I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

---

## SPECIAL CONDITIONS
SISP - I shall comply with Super Intensive Supervision Program conditions.

S.I.S.P.

---

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 11TH DAY OF DECEMBER, 2003.

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

If mandatory supervision is satisfactorily completed, maximum expiration date will be: 11-12-42

EXHIBIT A, PAGE 1

Page : 32



**CORNELL**
People Changing People

NUMBER OF OFFENSE

Case Manager: _Jackson_        1st ✓   2nd ___        1. Date of Offense: _7/21/04_

Parole Officer: _Chenier_       3rd ___  4th ___       2. Time of Offense: _9:00 am_

Major: _____        Minor: _____

| 3. Resident Name: _Johnson Eddie_ | | 4. TDCJ# _364033_ |
|---|---|---|
| 5. Place of Incident: | 6. Incident: | 7. Code |
| | | _b-16_ |

8. Description of Incident ( If more spaces are needed, continue on back) on the date and time listed above in (place) _____

Resident Name: _Johnson Eddie_        TDCJ# _364033_
_refused to see Case mgr for his weekly assigned meeting in which he was informed without an excused reason._

9. Description of physical evidence taken: _Im did not show for his weekly_

10. Witness Name:

11. Signature of reporting Employee/ Date/ Time: _Johnson 7/21/04 2:30 pm_

12. Name and title of reporting employee (Print): _S Johnson Case mg I_

13. Resident Notification
I have received a copy of the charge(s) alleged against me.

_7/22/04 D810_
Date and Time Notified

_Refused to Sign_
Resident Signature

Notifying Official/ Title: _Capt L. Tyson_

You have the right to appear before a hearing officer 24 hours or more after receipt of this notice. You have the right to have an opportunity to be heard, call witness and submit a written statement. By signing here you give up the right to 24 hour notice and authorize the Hearing Officer to proceed with the hearing.

**14. Accused Statement and Attitude:**

**15. Investigation Section**

  Investigation Comments and Conclusions:

**16. I wish to waive my right to a Disciplinary Hearing:** Yes ✓ No _____

Resident's Signature _____ Hearing Officer's Signature _____

**17. Resident's Plea:** Guilty: _____ Not Guilty: _____

**18. Hearing Officer/ Committee Decision:** Guilty: _____ Not Guilty: _____

Sanction(s) Imposed:

SAVA down for 8 Extra duty:
Client refused any Co-operation in this matter
and considered guilty and 8 hour extra duty
hours was imposed

Resident Signature: Refuse to Sign    Date: 8-3-04

08-03-04 / 0945hrs
Hearing Date/ Time

D. Fontenot
Committee Member/ Hearing Officer



**CORNELL**
People Changing People

# REID FACILITY
# DISCIPLINARY REPORT

NUMBER OF OFFENSE

Case Manager: _O Johnson_      1st _____ 2nd _✓_      1. Date of Offense: _7/28/0_

Parole Officer: _Chenier_      3rd _____ 4th _____      2. Time of Offense: _9:00 A_

Major: _____ Minor: _____

| 3. Resident Name: _Johnson Eddie_ | | 4. TDCJ# _364033_ |
|---|---|---|
| 5. Place of Incident: _Bldg 2_ | 6. Incident: _Refusing to Accept Program assignment_ | 7. Code _B-16_ |

8. Description of Incident ( If more spaces are needed, continue on back) on the date and time listed above in (place) _Bldg 2_

Resident Name: _Johnson Eddie_ _____ TDCJ# _364033_

_refused to see Case Mgr I Johnson for his weekly_
_meeting on 7/28/04 bun or for his which it is_
_schedule, without an excused reason._

9. Description of physical evidence taken: _Did not come out Programs_

10. Witness Name: _____

11. Signature of reporting Employee/ Date/ Time: _Johnson 7/28/04 2:30 pm_

12. Name and title of reporting employee (Print): _VS Johnson Case Mgr I_

13. Resident Notification:
I have received a copy of the charge(s) alleged against me.

_8-2-04_      _21_      25

Date and Time Notified

_Refused to sign_
Resident Signature

Notifying Official/ Title: _E Guillory Monitor I_

You have the right to appear before a hearing officer 24 hours or more after receipt of this notice. Y
have the right to have an opportunity to be heard, call witness and submit a written statement. By
signing here you give up the right to 24 hour notice and authorize the Hearing Officer to proceed wit
the hearing.

_Exhibit C_

35

A COPY OF THIS DISCIPLINARY REPORT

**14. Accused Statement and Attitude:**

Client's attitude is calm.

**15. Investigation Section**
**Investigation Comments and Conclusions:**

Client is well aware of facility rules.

**16. I wish to waive my right to a Disciplinary Hearing:** Yes _____ No ✓

_____
Resident's Signature

_____
Hearing Officer's Signature

**17. Resident's Plea:** Guilty: _____ Not Guilty: _____

**18. Hearing Officer/ Committee Decision:** Guilty: ✓ Not Guilty: _____

Sanction(s) Imposed: _____

~~Extra duty book~~ shut down for 4 days. Client Refused any Co-operation in this matter and considered guilty and a 4 day shutdown was imposed

Resident Signature: Refuse to Sign Date: 8-3-04

08-03-04 / 0945 hrs
Hearing Date/ Time

_____
Committee Member/ Hearing Officer



8/30/04

# BOARD OF PARDONS AND PAROLES
## Hearing Section

☐ P   ☒ MS   ☒ SC   <u>SISP</u>
☐ HB1112   ☒ SB880   OTHER _____
Start Date: <u>08/05/2004</u>

## HEARING REPORT PROCESSING SHEET
### ☐ PRELIMINARY   ☒ REVOCATION

NAME: <u>JOHNSON, EDDIE DON</u>                TDCJ#: <u>00364033</u>   SID #: <u>01607144</u>
DATE OF HEARING: <u>08/18/2004</u>       BEGIN TIME: <u>10:07AM</u>   END TIME: <u>11:20AM</u>
OFFENDER'S LOCATION: <u>HARRIS COUNTY JAIL</u>
OFFENDER ☒ REQUESTED / ☐ WAIVED REVOCATION HEARING
DATE ☒ WARRANT / ☐ SUMMONS ISSUED: <u>08/05/2004</u>        EXECUTED: <u>08/05/2004</u>
RELEASE DATE: 01/16/2004          SCHEDULED DISCHARGE DATE: 11/12/2042
ATTORNEY DETERMINATION:   ☐ APPROVED   ☒ DISAPPROVED   ☐ WAIVED   ☐ RETAINED

| OFFENDER'S ADMISSION(S)/ DENIAL(S) OF ALLEGATION(S) | | | FINDINGS: | H/O Y | H/O N | H/S Y | H/S N |
|---|---|---|---|---|---|---|---|
| ☐ Admit | ☒ Deny | Rule # 9D | FAILURE TO ABIDE BY RULES OF THE COMMUNITY RESIDENTIAL FACILITY, 07/08/04, 07/20/04, 07/21/04, 0O7/29/04, 08/03/04 | ☒ | ☐ | ☒ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |
| ☐ Admit | ☐ Deny | Rule # | | ☐ | ☐ | ☐ | ☐ |

| RECOMMEND | REVOKE | PTRH | NON-REVOCATION ACTION | ISF | SAFP | RTSS |
|---|---|---|---|---|---|---|
| FIELDOFF | ☒ | ☐ | | ☐ | ☐ | ☐ |
| HEARING OFF | ☒ | ☐ | | ☐ | ☐ | ☐ |
| REVIEWER: | ☐ | ☐ | | ☒ | ☐ | ☐ |

ADDITIONAL RECOMMENDATIONS:          ( ☐ SAFP BED CERTIFICATION ATTACHED)

BOARD DISPOSITION:

☐ REVOKE                    ☒ ISF             ☐ SAFP
☐ PROCEED TO REVOCATION HEARING (PTRH)                8-30-04
☐ NON-REVOCATION ACTION: PENDING ADJUDICATION OF CHARGES
☐ NON-REVOCATION ACTION: CONTINUE SUPERVISION
     REAFFIRM ANY EXISTING SPECIAL CONDITIONS OR MODIFY AS NOTED BELOW –


☐ NON-REVOCATION ACTION: ALLOW TO DISCHARGE
☐ REFER CASE BACK TO HEARING OFFICER FOR FURTHER DEVELOPMENT OF FACTUAL OR LEGAL
     ISSUES, WITH OR WITHOUT REOPENING THE HEARING, FOR THE FOLLOWING REASONS:


DISPOSITION DATE: _____<u>09/03/04</u>_____

DIST:   CENTRAL HEARING SECTION                    OFFENDER/SAME AS ABOVE
        HEARING OFF / C.D.OFORDILE/HOUSTON I       ATTORNEY / N/A
        SUPV OFF / J.CHENIER/HOUSTON 7
        AGT OFF /

Name: JOHNSON, EDDIE DO₁
Administrative Release Hearing Report
No.: 00364033/01607144

## II. NOTATION AS TO CONDUCT OF A PRELIMINARY HEARING:

A Preliminary Hearing ☐ was / ☒ was not held in this case. The Preliminary Hearing Report dated _____ is attached, if applicable.

## III. PRELIMINARY MATTERS AND EVIDENTIARY PHASE:

A. The purpose of the Hearing and its implications were explained to the offender who voiced an understanding of the rights and elected to continue with the Hearing.

B. The Hearing Officer swore all persons who participated in the Hearing to tell the truth.

C. The Rule ☐ was / ☒ was not invoked.

D. There ☐ was / ☒ was not a challenge to the neutrality of the Hearing Officer.

E. Rights of the Offender:

☒ Rights were read and reviewed with the offender, who voiced an understanding of it.

☐ The Offender, who was represented by Counsel, waived reading of the rights, after voicing an understanding of the rights as listed on the charging instrument, which were previously reviewed with him / her.

F. Amendments / Additions to Allegations listed on the Charging Instrument: ☒ None ☐ As follows:

G. Other Preliminary Matters: ☐ None ☒ As follows:

Counsel entered motion for continuance in order to establish whether or not the OFFENDER is under the jurisdiction of the Board of Pardons and Paroles. Motion Denied.

Parole Officer stated that OFFENDER was convicted of two counts of Murder with Deadly Weapon in 1982 and was sentenced to 60 years confinement in TDCJ-ID. She stated that OFFENDER was released from TDCJ-ID on 01/16/2004 to serve his remaining sentence on Parole until 11/12/2042, as indicated on Certificate of Mandatory Supervision.

H. Additional Information / Status of Criminal Law Charges: ☒ None ☐ As follows:

I. Motions / Objections and Rulings / Determinations made during the Hearing: ☐ None ☒ As follows:

Counsel entered Objection to the hearing been convened because the OFFENDER does not believe that he is under the authority of the Board of Pardons and Paroles. Objection OVERRULED.

Counsel entered Objections to Exhibits A and B (Certificate of Mandatory Supervision and Violation Report, respectively) because the OFFENDER does not believe that he is under the authority of the Board of Pardons and Paroles. Objections OVERRULED. Exhibits A and B ACCEPTED.

Counsel entered Objection to Exhibit C (Adjustment Statement) because the OFFENDER believes that it contains incomplete information with regard to page 3, where the penal code column was left blank. Objection OVERRULED. Exhibit C ACCEPTED.

# EDDIE DON JOHNSON, TDCJ #364033

1. Whether Johnson has ever received supervised release (if so, please state all dates on which Johnson received supervised release; if not, please state the reasons for Johnson not receiving supervised release).

Ans: Records maintained by the TDCJ – Parole Division indicate that Johnson was released to mandatory supervision on January 16, 2004. At the time of his release, Johnson had a scheduled discharge date of November 12, 2042. (See Exhibit A, page 1 - 2, "The State of Texas Certificate of Mandatory Supervision").

2. Whether Johnson has been determined to be subject to 'discretionary" mandatory supervision (if so, please state the basis upon which applicant is under this status).

Ans: No, Johnson is not subject to discretionary mandatory supervision review under § 508.149 (b), Texas Government Code. Johnson is serving sentences for offenses committed prior to September 1, 1996. Therefore, his release to mandatory supervision is not discretionary, when his calendar time served and good time equal his total sentence as calculated by the TDCJ – Institutional Division Classification and Records Office, he will be released. Johnson's projected release date to mandatory supervision is currently calculated as October 24, 2017. *Was r about*

*JANUARY 16, 2004 Release*

3. Whether Johnson has ever been denied mandatory supervision release when he accumulated the amount of time credits required for such release (if so, please state the legal basis and the specific reasons for Johnson being denied mandatory supervision; if not, please identify any dates in which Johnson was particularly released to mandatory supervision).

Ans: As noted previously, Johnson was released to mandatory supervision on January 16, 2004. Johnson's projected release date to mandatory supervision is currently calculated as October 24, 2017, and his maximum expiration date is June 10, 2043.

# South Texas Intermediate Sanction Facility
1511 Preston Ave., Houston Texas 77002

# Memo

**To:** Offender: _Johnson Eddie_ Dorm: _SHU 10_

**From:** Visitation Officer: _Jackson_

**Subject:** Denied Visit

**Date:** _3/5/05_

---

Please be advised that Offender _Johnson Eddie_ TDCJ-ID# _564033_ was denied a
visit by _Carl + Janet Whitfield_ on _3/5/05_ for the following reasons:
    visitor name                          date

## Check one:

___Not on approved visitation list.

___Inappropriate Identification  (ID or Driver License did not match information on list)

___Inappropriate attire

___Inappropriate conduct

___Lied on relationship

✓ other explain: → DENIED Due to you being in the SHU AREA

| Offenses | |
| --- | --- |
| | Murder W/DW (2cts.) |
| County | Harris |
| Cause Numbers | 375536 |
| | 375537 |
| Sentence | Two- 60-years |
| Date of Sentence | 8-15-1983 |
| Date of Offense | 10-29-1982 |
| Sentence Begin Date | 11-21-1982 |
| TDCJ Receive Date | 9-28-1983 |
| Mandatory Supervision Release Date | 10-24-2017 |
| Maximum Expiration Date | 6-10-2043 |
| Total Flat Time Served | 24-yrs 6-mos 17-days |
| Total Good Time | 5-yrs 9-mos 22-days |
| Bonus Time | 1-mo 30-days |

Offender Johnson committed the offenses of Murder With Deadly Weapon on or about 10-29-1982, in Harris County, Texas, in cause numbers 375536 and 375537. Johnson was sentenced to serve two- sixty (60) years in the Texas Department of Criminal Justice-Institutional Division out of the 185th District Court of Harris County on 8-15-1983, with a sentence to begin on 11-21-1982.

Johnson was released from TDCJ custody on mandatory supervision on 1-16-2004, with a maximum expiration date of 11-12-2042. On 3-1-2005, a Pre-Revocation Warrant of Arrest was issued by the Parole Division. Johnson was arrested in Harris County on 8-5-2004, and mandatory supervision revoked on 3-25-2005. Offender Johnson was returned to TDCJ custody on 4-8-2005. At the point of readmission offender Johnson was charged for a period of 6-months, and 19-days as out of custody for an unsatisfactory term of mandatory supervision. The offender was additionally penalized by the forfeiture of prior earned goodtime credits as provided by TEX. GOV'T CODE 498.004(b). The offender was denied "street-time" pursuant to Section 508.283(b) of the TEX. GOV'T. CODE, due to current offenses of Murder With Deadly Weapon.

Pursuant to TEX. GOV'T CODE § 501.0081, TDCJ must respond to time credit disputes within 180-days of receipt by the Classification and Records Office. This office received a time dispute resolution form from offender on 5-11-2005, 6-20-3005, 10-25-2005, and 8-31-2006, and responded to the offender on 2-1-2006, 3-3-2006, 4-14-2006, and 5-10-2007. This office responded to the offender that there was no error in his current time calculations. The offender was further advised that if he was dissatisfied with this response that he should contact State Counsel for Offenders for further assistance.



RECEIVED
JUL 2 9 2011
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
EXECUTIVE DIRECTOR

AUG 0 1 2011

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

TO: Johnson, Eddie      TDCJ # 364033      UNIT: LH

FROM: Administrative Review & Risk Management *BC-hSM*

SUBJECT: Offender Correspondence

You should always attempt to resolve your problem informally at your unit with staff, department and security supervisors, or the warden. Verbally communicate the problem, or submit an I-60 Offender Request to Official. Sending your concerns to the wrong department or agency is inappropriate and only delays valuable response time. Your prison-related issues can be addressed in a timely manner by directing them to the appropriate responsible TDCJ department listed below.

[X] **Your correspondence was forwarded to this office by the Executive Directors office. That office does not respond to offender complaints or requests. Please contact the appropriate unit staff with your concerns. If informal contact (verbally or I-60) with unit staff does not address your concerns you may then utilize the grievance procedure**

[ ] **Offender Grievance Procedure:** Issues regarding unit operations, disciplinary disputes, property issues, mail or any other matter relating to conditions of care or supervision may be formally addressed through the Offender Grievance Procedure if informal contact (verbally or I-60) with unit staff does not address your concerns. Submit your Step 1 grievance to the Grievance Department at your unit. If you appeal a decision to the next level, you must submit a Step 2 grievance along with the original answered Step 1 grievance to the Grievance Department at your unit. Allow ample time for the Grievance Department to investigate your complaint and return a reply to you. Step 2 grievances are reviewed by the regional authority or the Central Grievance Office if you are dissatisfied with the response on the Step 1. **Directing grievances to unrelated offices may result in expiration of your grievable time period.**

If you wish to comment on the effectiveness and credibility of the grievance procedure, write a letter or send an I-60 request form to the grievance investigator at your unit, or forward to the Central Grievance office at P.O. Box 99, Huntsville, TX 77342-0099.

If you have already pursued the issue through the Offender Grievance Procedure at Step 1 and Step 2; no other administrative remedies are available to you regarding the issue. You may pursue the matter in any manner you choose outside of the agency.

[ ] **Offender Protection Issues (OPI):** Immediately contact a correctional officer; security supervisor; warden; assistant warden; or the Classification Department at your unit.

[ ] **Medical Care:** The unit physician is the primary care provider at the unit level and is responsible for the determination of medical treatments, medications, medical restrictions, and scheduling of services. You should attempt to resolve your problem at the unit level first by contacting the unit medical administrator in writing (sick call request or I-60 request form) for assistance. Subsequently, if you are not in agreement with the provider's response you may utilize the grievance process. You will not be transferred for medical reasons without the approval and recommendation of unit health care providers.

[ ] **Office of Inspector General (OIG) Investigation:** Complaints or allegations relating to excessive or unreported use of force, physical harm by staff, or any crime committed by an offender or employee on state property should be directed to the Office of Inspector General, Investigation Division at P.O. Box 4003, Huntsville, TX, 77342. Full details must be provided in order to initiate an investigation in this manner.

[X] **Classification:** Issues related to time disputes; time calculations; sentencing; concurrent time and stacked time; jail time; forfeited good conduct time; back dated good conduct time; class; promotions; cell assignment; or information on various programs should be directed to the Classification Chief at your unit or the Classification & Records Department at P.O. Box 99, Huntsville, TX, 77342-0099.

[ ] **Transfer:** Offenders are not at liberty to choose their unit of assignment. Notify the Classification Department at your unit if you have a reason that warrants a transfer. A request for a hardship transfer may be made if an immediate family member, listed on your approved visitation list, is unable to travel long distances. To be considered, you must be at least L1/G3, with no major disciplinary cases for 1 year and more than 200 miles from home. The family member may submit their request along with a letter from their doctor to verify the medical disability to Joni White, TDCJ-Classifications & Records Department at P.O. Box 99; Huntsville, TX, 77342-0099. A transfer is not guaranteed, but the request will be reviewed for consideration.

[ ] **Religion:** Any issue related to religious programs; services, holidays, or activities should be directed through the Chaplain at your unit or the TDCJ Chaplaincy Department at P.O. Box 99, Huntsville, TX, 77342-0099

[ ] **Parole:** Parole review status issues should be directed to the Board of Pardons and Paroles at P.O. Box 13401, Capitol Station, Austin, TX, 78711

[ ] **Education:** Issues related to education should be directed to the Windham School Principal at your unit. Continuing Education issues should be directed to Windham School at P.O. Box 40, Huntsville, TX, 77342. You will not be considered for educational transfer without Windham recommendation.

[ ] **Trust Fund & Commissary:** Issues related to your commissary account should be directed to Inmate Trust Fund at P.O. Box 629, Huntsville, TX, 77342. Issues related to commissary purchases, items stocked, or special requests should be directed to the commissary supervisor at your unit.

[ ] **Food Service:** Issues related to meals, sack lunches, or special diet menus should be sent to the food service manager for resolution at your unit. If the issue is not resolved at the unit level, then contact the Director of Food Service at P.O. Box 99, Huntsville, TX, 77342-0099 or utilize the Grievance Procedure.

[ ] **Legal Assistance:** Issues such as conviction appeal, detainers, divorce, or child support should be directed to an offender's attorney or State Counsel for Offenders, Legal Services Section at P.O. Box 4005, Huntsville, TX, 77342-4005.

[ ] **Law Library:** All offender legal issues related to unit operations such as, access to courts; legal visits with other offenders; world attorney visits; indigent, legal or correspondence supplies; postage; policy; and state law information requests should be directed to the law library supervisor at your unit or researched yourself in the unit law library. If you disagree with a response from the law library staff, you may utilize the Grievance Procedure.

[ ] **Security Threat Group (STG):** If you feel you have been incorrectly identified as a member of a security threat group, or wish to begin the disassociation process, you should contact the Security Threat Group Officer (STGO) at your unit. The STGO will know the proper procedure to follow in having your STG status reviewed. You may also write to the Security Threat Group Management Office (STGMO) at P.O. Box 99; Huntsville, TX, 77342-0099. However, the STG Management Office relies more on requests and information submitted to them by the Unit STGO than directly from offenders.

[ ] **Lockdowns & Shakedowns:** Unfortunately, offenders who had nothing to do with a disturbance are often included in a lockdown, and all offenders at a unit are affected by a semi-annual shakedown. The procedures for implementing a lockdown or shakedown are well established and have proven effective in restoring order and ensuring the security of the unit, as well as the safety of offenders and staff. That does not mean the process is pleasant for offenders or staff. If you feel procedures violate policies, you may utilize the Grievance Procedure.

**The Executive Directors Office does not respond to offender complaints or requests.**

42



STATE OF TEXAS
BOARD OF PARDONS AND PAROLES
PROCLAMATION OF REVOCATION AND WARRANT OF ARREST
TO ALL WHOM THESE PRESENTS SHALL COME:

DPS#: _01607144_

TDCJ#: _384033_

WHEREAS **EDDIE DON JOHNSON** was convicted of a felony offense of the Penal Code and sentenced to imprisonment in the Institutional Division of the Texas Department of Criminal Justice, was released to administrative supervision and subsequently failed to fulfill the terms and conditions of said release.

NOW, THEREFORE THE BOARD OF PARDONS AND PAROLES, by virtue of the authority vested in it under the laws of the State, does hereby REVOKE that administrative release and same shall be null and void and of no force and effect as of this date. It is hereby ORDERED THAT A WARRANT be issued and the aforementioned person be returned to be confined in the Institutional Division of the Texas Department of Criminal Justice.

**********************************************************************************

TO ANY SHERIFF, PEACE OFFICER OR OTHER PERSON AUTHORIZED BY LAW TO MAKE ARRESTS, OR THE SUPERINTENDENT, WARDEN OR OTHER PERSON IN CHARGE OF ANY JAIL, PENITENTIARY OR OTHER PLACE OF DETENTION, FEDERAL OR STATE:

WHEREAS SUBJECT, has violated the conditions of administrative release, and the Board of Pardons and Paroles has revoked same;

NOW, THEREFORE IT IS ORDERED that any person to whom this proclamation and warrant shall come is hereby authorized and directed to arrest said fugitive administrative release violator and hold in custody, and deliver or yield said person to the custody of officers of the Institutional Division of the Texas Department of Criminal Justice of the State of Texas for return to said institution. All parties are hereby informed that said administrative release violator waived the right of extradition as a condition of administrative release. The process is issued upon the authority of the Board of Pardons and Paroles as provided in Article 42.18. Texas Code of Criminal Procedure and Chapter 508, Texas Government Code. THIS PROCLAMATION OF REVOCATION/WARRANT OF ARREST IS NOT SUBJECT TO BAIL.

By _Rissie Owens_
Board Chairman

ISSUE DATE _03/25/2005_
WARRANT NO _03-25-05-364033_

BPP-COC-9K (R-09-24-03)

Board of Pardons and Paroles
P. O. Box 13401
Austin, TX 78711
(512) 406-5452
Teletype# BPPZ or ORI# TX227015G

Distribution:
DPS
TDCJ-ID
DETAINING AUTHORITY

EXHIBIT A, PAGE 15

43

# UNSWORN DECLARATION

I, _EDDIE DON JOHNSON_ , TDCJ NUMBER _364033_

Being presently incarcerated in the _James A. Lynaugh_, Unit of the Texas

Department of Criminal Justice, in _Pecos_ , County, Texas

Declare under penalty of perjury that I am the applicant in the above and foregoing

Motion. I have read said motion and the factual allegations of the same are true and

Correct.

Executed on this _15_ , day of _September_ , 20 _15_.

_Eddie Don Johnson #364033_

_EDDIE DON JOHNSON #364033_, **Movant, Pro Se**

44

COURT OF APPEALS
THIRD DISTRICT OF TEXAS

SEPTEMBER 15 2015

EDDIE DON JOHNSON
T.D.C.J-I.D. #364033
JAMES A. LYNAUGH UNIT
1098 S. HIGHWAY 2037
FORT STOCKTON, TEXAS
79735-9795

JEFFERY D. KYLE, CLERK
COURT OF APPEALS
THIRD DISTRICT OF TEXAS
P.O. BOX 12547
AUSTIN, TEXAS 78711-2547

RE: COURT OF APPEALS NUMBER : 03-15-00343-CV
    TRIAL COURT NUMBER      D-1-GN-03-001602
STYLE: EDDIE DON JOHNSON
V.     THE STATE OF TEXAS

DEAR JEFFERY D. KYLE, CLERK

    ENCLOSED PLEASE FIND A COPY OF AN REQUISITES OF BRIEFS. PLEASE FILE AMONG
OTHER PAPERS IN THIS CAUSE IN SUPPORT TO THE APPEAL TO BE BROUGHT BEFORE THE
HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS AT SUCH TIME OF ANY HEARING
IN THE AFOREMENTIONED PROCEEDINGS.


    THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER.


SINCERELY,
Eddie Don Johnson #364033
EDDIE DON JOHNSON #364033
JAMES A. LYNAUGH UNIT
1098 S. HIGHWAY 2037
FORT STOCKTON, TEXAS
79735-9795

RECEIVED
SEP 1 8 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

EDDIE DON JOHNSON
#364033
LYNAUGH UNIT
1098 S. HWY. 2037
FT. STOCKTON, TX 79735



MIDLAND TX 797
TUE 15 SEP 2015 PM

JEFFREY D. KYLE, CLERK
COURT OF APPEALS
THIRD DISTRICT OF TEXAS
P.O. BOX 12547
AUSTIN, TEXAS
78711-2547